## THOMM et al. vs. THE STATE.

1. CRIMINAL PROCEEDINGS: *On forfeited bail-bond.*
   In proceedings against bail in criminal cases, on forfeited bail-bonds, no pleadings are required from the state, but it is the duty of the clerk to issue a summons requiring the bail to appear, etc.

2. MISDEMEANORS: *Justices of the peace must try.*
   A justice of the peace has no authority to decline to try a misdemeanor, and bind the accused over to the circuit court for trial; and a bail-bond taken by him in such case is void.

APPEAL from *White* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*House*, for appellant.

*Henderson, Attorney General, contra.*

ENGLISH, C. J.   Jacob Thomm, J. W. Williams and W. T. Wallis, were summoned to appear at the January term, 1879, of the circuit court of White county, to answer a forfeiture taken at the preceding term of the court, upon the following bail-bond:

"Walter D. Childress, being in custody, charged with an assault and battery upon the person of one A. N. Foster, and being admitted to bail in the sum of five hundred dollars, we, Jacob Thomm, J. W. Williams and W. T. Wallis, hereby undertake that the above named Walter D. Childress shall appear in the circuit court, on the first day of the term in July, 1878, to answer said charge, and at all times shall render himself amenable to the orders and proceedings of said court in the prosecution of said charge, and if convicted shall render himself in execution thereof, and if he fails to perform either of these conditions, then we will pay to the state of Arkansas five hundred dollars.

"JACOB THOMM,   [Seal.]

"J. W. WILLIAMS, [Seal.]

"W. T. WALLIS, [Seal.]"

The summons recited that, on the tenth of April, 1878, Walter D. Childress was arrested on a warrant issued by Thomas Owen, a justice of the peace of White county, charged with an assault and battery upon the person of one A. N. Foster, and, upon a hearing before the justice, was required to give bail for his appearance before the circuit court of White county, at its next term, etc., to answer said charge; then recites the execution of the above bail-bond, the failure of Childress to appear, etc., the forfeiture of the bond, etc.

The defendants filed an answer, setting up various objections to the validity of the bond, and made their answer

Thomm et al. vs. The State.

a demurrer, which the court overruled, and they declined to plead further.

The case was submitted to the court by consent, and the court, after examining the justice of the peace who took the bond, permitted him to add his approval of it, which he stated he omitted to do at the time it was taken, thus:

"Approved, this the twelfth day of April, 1878.

"THOMAS OWEN,

"Justice Peace, Red River township, White county."

The court gave judgment against the defendants for the penalty of the bond, overruled a motion for a new trial, and they took a bill of exceptions, and appealed.

I. In proceedings against bail, in a criminal case, on a forfeited bail-bond, no pleadings are required on the part of the state, but it is made the duty of the clerk to issue a summons, requiring the bail to appear, etc., to show cause why judgment should not be rendered against them, etc. *Gantt's Digest, secs. 1739, 1743.*

1. No pleadings by the state on forfeited bail bonds.

Under a like statute in Kentucky it has been decided that, as the bail-bond, or recognizance, itself, is the basis of the action, it must, in connection with the order of forfeiture, present a perfect cause of action. *Roberts v. Commonwealth, 7 Bush, 430; Commonwealth v. Fisher, 2 Duvall, 376.*

II. One of the objections taken to the validity of the bail-bond in the answer, is, that Childress, being charged with an assault and battery, which is a misdemeanor, and within the jurisdiction of the justice of the peace, on whose warrant he was arrested, it was his duty to try the case, and he had no authority to take a bail bond for the appearance of the accused before the circuit court, to answer the charge there.

2. MISDEMEANORS: J.P. must try; not bail to circuit court.

The statute provides that: "When the arrest is made in

the county in which the offense is charged to have been committed, the magistrate before whom the defendant is carried shall forthwith proceed to an examination of the charge; and, if the offense charged be a felony, shall commit, hold to bail, or discharge, as the case may be, or, if he have jurisdiction to hear and finally try the charge, shall proceed to final determination and judgment." *Gantt's Digest, sec. 1688.*

Justices of the peace have jurisdiction to try and punish misdemeanors. *Constitution of 1874, art. 7, sec. 40.* The circuit courts have also concurrent jurisdiction. *The State v. Devers, 34 Ark., 188.*

There seems to be no statute authorizing a justice of the peace, who has jurisdiction to try a misdemeanor, to decline to try it, and bind the accused over to the circuit court for indictment and trial there. It is his duty to try it himself.

An assault and battery is a misdemeanor.

A bail-bond in a criminal case, taken by an officer not authorized by law to take it, is void. *Cooper et al. v. State, 23 Ark., 278.*

It is needless to pass on other objections made to the bond.

Reversed and remanded, with instructions to discharge the appellants.