ZUFALL VS UNITED STATES.

Opinion delivered January 14, 1898.

*1.  Decisions of the Supreme Court of Arkansas binding on this Court.*
    The decisions of the Supreme Court of Arkansas upon the statutes of that state, rendered prior to the extension of the

statute over the Indian Territory, are binding on the Court of Appeals in the Indian Territory.

*Action on forfeited bail bond—Pleadings and Practice.*

In an action upon a forfeited bail bond under ₹ 2064, 2068 of Mansf. Dig., no pleadings are required. All that is required is, that the clerk make an entry upon the minutes of the court of the failure of the defendant to appear. No pleadings are required, but the clerk shall issue a summons against the bail, requiring them to appear at the first day of the next term of court to show cause why judgment should not be rendered against them for the amount of the bond.

*Suggested form of entry of forfeiture of bail bond.*

In order to secure uniform practice, the form of entry set out in the opinion is suggested for the guidance of clerks in entering the forfeiture of a bail bond.

Appeal from the United States court for the Northern istrict.

WM. M. SPRINGER, Judge.

Action on a forfeited bail bond against George Zu-ll, et. al. Defendants filed a motion to quash the summons, nd appeal from an order overruling such motion. Affirmed.

The opinion states the facts.

*G. B. Denison, N. B. Maxey,* and *J. P. Clayton,* for ppellants.

*Clifford L. Jackson,* U. S. attorney.

CLAYTON, J. One Charles Keifer, having been duly rrested upon a charge for introducing spirituous liquor to the Indian Territory, upon examination was held to ail in the sum of $200 to appear at the December, 1895, rm of the United States court for the Northern district of

the Indian Territory.   His bail bond for that amount, with the appellants George Zufall and W. T. Escoe as his sureties, was duly executed, and he released.   On the 3d day of December, 1895, (the appearance term), Keifer, the defendant in the criminal suit, and the principal in this bond, being called, made default.   Following is the record entry: "3,218.   United States vs Chas. Keifer.   Intro.   Now comes the United States, by its attorney, and the defendant, though duly called, comes not, but wholly makes default.   Whereupon ——— and ——— are thrice duly called in open court to bring the body of said Chas. Keifer into court, and save their recognizance, but they answer not.   It is therefore considered and ordered that the United States of America do have and recover of and from the said defendant, Chas. Keifer, and ——— and ———, his sureties, the sum of ——— and that they be cited to be and appear at the next regular term of this court, to show why judgment should not be made final, and that a bench warrant issue for the defendant herein."   Thereupon a summons was regularly issued, and duly served on the sureties in the bond, the appellants, citing them to appear on the first day of the next term of the court, to show cause why judgment should not be rendered against them.   This summons is not made a part of the record of this case, and is therefore not before us; but, as there has been no objections offered to its form, we assume that it was regularly issued and served, and is in the common form of such writs.   During the same term of the court, to wit, on the 30th day of January, 1896, the appellants appeared and filed a motion to quash the summons, or, as the motion calls it, "the scire facias."   It is as follows (caption omitted):   "And now comes the defendants George Zufall and W. T. Escoe, and move the court to quash the scire facias issued in this cause, and for grounds of said motion state that the facts stated in the scire facias filed in this cause do not entitle the plaintiff to recover in this cause

for the reason that the bond given by these defendants upon which this scire facias is issued was a bond given for the appearance of defendant Chas. Keifer, to answer to the charge of introducing and selling intoxicating liquors, and that this court had no jurisdiction over said offense, and said bond is therefore void; that said bond was not taken and approved as the law directs, and is therefore void; that the record upon which said scire facias is based is wholly void and insufficient to support a sci. fa. Wherefore the defendants pray the judgment of the court. Denison & Maxey, attorneys for defendants Zufall and Escoe. On the same day the cause was heard by the court, on the motion to quash the summons. The motion was overruled, to which exceptions were duly saved; and the appellants standing on their motion to quash, refusing to further plead, judgment was entered against them, and an appeal duly taken.

That the United States Court for the Northern district of the Indian Territory had no jurisdiction over the offense of introducing and selling intoxicating liquor in the Indian Territory, and consequently no power to cause the arrest of, and admit to bail, parties charged with that offense, is abandoned by appellants, as is also the position taken by their motion to quash—that the bond was void because not taken and approved as the law directs. The only question presented, therefore, to be decided, is, is the record upon which the summons was based void and insufficient to support the judgment?

The statute in force in this jurisdiction (Mansf. Dig.) provides:

"Sec. 2064. If the defendant shall fail to appear for trial or judgment, or at any other time when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court may direct the fact

(43)

to be entered on the minutes, and thereupon the bail-bond o[...] money deposited in lieu of bail, is forfeited. "

"Sec. 2068.   No pleadings are required on the par[...] of the state, but the clerk shall issue a summons against th[...] bail, requiring them to appear on the first day of the nex[...] term of the court to show cause why judgment should no[...] be rendered against them for the sum specified in the bai[...] bond on account of the forfeiture thereof, which summon[...] shall be executed as in civil actions, and the action procee[...] as an ordinary civil action. "

By the above section (2068) no pleadings are require[...] by the government.   What, then, is to be taken as it[...] declaration or complaint?   If it be true that the entry [...] the forfeiture made by the clerk upon the record is the com[...] plaint of the state, then the entry made in this case is clea[...] ly and wholly insufficient.   The amount sued for does n[...] appear, the names of the defendants are not mentione[...] and nothing is shown connecting them with the particula[...] bond in suit.   Nothing is mentioned in the order except th[...] fact that the defendant in the suit in which the bond wa[...] executed had failed to appear when called, and that his ba[...] was forfeited.   And yet this is all that is required by th[...] law.   Section 2064, above set out, calls for nothing mor[...] The language is:   "If the defendant fail to appear   *   *[...] the court may direct the fact to be entered on the minutes[...] and thereupon the bail is forfeited.   Under the old practic[...] a scire facias upon forfeiture of a bail bond answered th[...] the purpose of both declaration and writ, and, if the fac[...] alleged did not constitute a cause of action, would not su[...] tain a judgment by default.   Miller vs State, 35 Ark, 27[...] It is quite clear that the summons mentioned in section 20[...] is not intended to be the writ of scire facias, because sci[...] facias, besides being a writ, was also a pleading.   It wa[...] the declaration, and, by the terms of the statute, in cases [...]

this kind, "no pleadings are required on the part of the state."

What, then, is to be taken as the government's complaint in this class of cases? In Kentucky, under a like statute, it has been decided that, as the bail bond or recognizance itself is the basis of the action, it must, in connection with the order of forfeiture, present a perfect cause of action. Roberts vs Com., 7 Bush, 430; Com. vs Fisher, 2 Duv. 376. And the supreme court of Arkansas, passing upon this very statute, has adopted the same interpretation. Thomm vs State, 35 Ark. 327. And, inasmuch as this de-cision of the supreme court of Arkansas was rendered prior to the extension of the statute over the Indian Territory un-der the rule laid down by the circuit court of appeals for the eighth circuit in the case of Sanger vs Flow, 4 U. S. App. 2, 1 C. C. A. 56, and 48 Fed. 152, it is binding upon his court, as being the interpreted law as it came to us. The test, then, in this case, is: Does the bail bond, taken, in connection with the order of forfeiture entered upon the record, present a perfect cause of action; or, in other words, do the two, taken togeth-er, make a good complaint at law, of course omitting the caption, the prayer, the signature of counsel, and the affidavit required by the statue? The bond is not before us, but, inasmuch as no objections were offered to it in the court below, we assume that is was a valid bail bond in the usual form.

Decision of
Arkansas
Supreme
Court binding

In this jurisdiction the requirements for the state-ment of a cause of action in the complaint is contained in the third paragraph of section 5026 of Mansfield's Digest. It must be a statement, in ordinary and concise language, without repetition, of the facts constituting the plaintiff's cause of action. The bond on file in the clerk's office is the instrument sued on. It contains: (1) After the caption

and the official title of the officer taking it, the obligatio[n] of the principal and his sureties; (2) its conditions; (3) th[e] signature of the parties; (4) the acknowledgment. The e[n]

**Action on forfeited bail bond. Practice.** try of the court, made at the appearance term mentioned i[n] the bond, is that the principal, upon being called, failed t[o] appear, and made default. By the bond and this entry, th[e] whole contract, with its conditions, its penalty, and i[ts] breach, is fully set out. We think that so far as the stat[e] ment in a complaint of a cause of action is demanded, thi[s] fills all the requirements of good pleading under the statu[te.] The most critically drafted complaint could not state th[e] cause of action more plainly, concisely, and with less itera[ tion than is here done. True, there are matters stated i[n] the order of forfeiture which it was not necessary to hav[e] stated, and, if found in a complaint at law, could have bee[n] stricken out on motion. But treating the bond and order [as] a complaint, and no motion to strike out having been mad[e] by the defendants in the court below and no objections ha[v] ing been made to the order on that account, and no exce[p] tions saved, this court will not now notice them. In ente[r] ing the order, the clerk seems to have adopted the for[m] which was used when scire facias was the proper writ [in] cases of this kind, and filling only so much of the blanks [in] the form as was necessary to comply with the present sta[t] ute, leaving the balance to stand without erasure. Whi[le] we hold that the order was sufficient, we think the practi[ce] here adopted by the clerk is faulty. The court spea[ks] through its record, and vast interests depend upon the co[n] struction of the language used. The misuse of a sing[le] word may defeat the whole intention of the court, a[nd] therefore the orders of the court should be entered in a[s] words, concisely, and without any verbosity. As a matt[er] of uniform practice in this jurisdiction, we suggest the f[ol] lowing form in all cases of the forfeiture of bail bonds a[nd] recognizances hereafter arising:

"United States

"No.—— vs

"John Doe.

Form for entering judgment on forfeited bail bond.

"Now, on this day, this cause coming on for trial, and he United States, being present by its attorney,——Esq., announces ready for trial; and the defendant, John Doe, being called in open court comes not, but wholly makes default. Therefore the appearance bond (or recognizance) of him, the said John Doe, is declared forfeited. Whereupon John Smith and Richard Roe, his sureties in the said bond (or recognizance), were thrice duly called in open court to bring the body of the said defendant, John Doe, into court, and ave their recognizance, but they answered not.

"Wherefore it is ordered that the clerk of this court issue a summons, citing the said John Doe and his said sureties, John Smith and Richard Roe, to appear at the next regular term of this court, to show cause why a judgment in favor of the United States, for the sum of $——, this being the penalty named in the said bond (or recognizance), shall not be rendered against them, and that a bench warrant issue for the said defendant-"

If the forfeiture shall occur after the cause is called for trial or otherwise, the form can be changed to suit the circumstances. The judgment of the United States Court for the Northern district of the Indian Territory is affirmed.

THOMAS and TOWNSEND, JJ., concur.