## FORD *v.* STATE.

### Opinion delivered November 6, 1911.

1. APPEAL—NECESSITY FOR MOTION FOR NEW TRIAL AND BILL OF EXCEPTIONS.—Neither a motion for new trial nor a bill of exceptions is necessary where the errors complained of do not grow out of the evidence or instructions, but appear from the record itself.   (Page 517.)

2. BAIL—PROCEEDINGS ON FORFEITED BAIL BOND.—In proceedings against the sureties on a forfeited bail bond in a criminal case, no pleadings are required on the part of the State, but it is made the duty of the clerk to issue a summons requiring the sureties to appear.   (Page 517.)

3. SAME—FORFEITURE—PROCEEDINGS.—In a proceeding against the sureties on a forfeited bail bond, the bail bond itself is the basis of the action, and must, in connection with the order of forfeiture, present a complete cause of action.   (Page 517.)

4. SAME—WHEN DISCHARGED.—Where a party is present in court and pleads guilty, and the sentence is pronounced, though execution is suspended until the next term of the court, he is no longer in the custody of his bail, and his sureties are discharged by operation of law without formal order to that effect.   (Page 517.)

Appeal from Fulton Circuit Court;   *John W. Meeks,* Judge; reversed.

*J. M. Burrow,* for appellant.

When the defendant Phillips appeared in court at the August term, 1909, and a fine was assessed and judgment rendered against him, he was then in the custody of the court, and his bondsmen had no further control over him; and the act of the court in suspending execution of the judgment until the next term did not continue the bond in force.   28 Ark. 346; 29 Ark. 127; 40 Ark. 432.

*C. E. Elmore,* for appellee.

1. The appeal should be dismissed. There was no motion for new trial presented and overruled, nor appeal from

such order prayed for and granted. There was no bill of exceptions. 93 Ark. 382; 46 Ark. 17; 94 Ark. 147; *Id.* 560.

2. The judgment was right. The bail bond stipulated that Phillips should render himself amenable to *all orders* and *process* of the court in the prosecution of the charge. 53 Ark. 67.

HART, J. It appears from the transcript in this case that W. C. Phillips was arrested upon an indictment charging him with the unlawful sale of whisky, and, being in custody, on the 9th day of November, 1908, J. E. Ford and C. C. Pressly executed a bail bond for his appearance at the next term of the Fulton Circuit Court. At the August term of said circuit court Phillips made default, and a forfeiture was entered upon the bond, and the court ordered a summons upon the forfeiture to his sureties. The order of forfeiture is as follows:

"On this day comes the State of Arkansas by her attorney, and, this cause being reached on its regular call, the defendant was by order of the court three times solemnly called by the sheriff of Fulton County, and came not, but made default; and, it appearing to the court that the defendant, Will Phillips, has heretofore been regularly arrested upon a process issued by this court, and that he gave bond, conditioned according to law in the sum of $200, with J. E. Ford and C. C. Pressly as his sureties for his appearance in this court, and it further appearing that the defendant did appear in answer thereto at the last term of this court, and plead guilty to the charge contained in the indictment herein, and was fined by the court in the sum of $100, and, upon motion of the defendant and leave of the court granted, judgment was suspended until the present term of the court for final judgment thereon, and, having failed to appear, the sheriff, by the order of the court, three times called each of the said bondsmen with the order that they appear in court and bring with them the body of the defendant, or their said bond in the sum of $200 would be forfeited, and they came not, it is therefore considered ordered and adjudged by the court that said bond be forfeited, and that the clerk hereof issue citation to each of the said bondsmen to appear in this court at the next term hereof and show cause, if they can find, why final judgment should not be rendered against them upon said forfeiture, and that alias bench warrant issue for the said defend·

ant, Will Phillips, and that his bond be fixed at $500."

The defendants filed an answer, setting up various defenses to the forfeiture. The case was submitted to the court sitting as a jury, and the court gave judgment against the defendants for the penalty of the bond. The defendants have appealed.

Counsel for appellee urges that the appeal should be dismissed because no motion for a new trial, or bill of exceptions has been filed. Neither a motion for a new trial nor a bill of exceptions is necessary where the errors complained of do not grow out of the evidence or instructions, but appear from the record itself. *Independence County* v. *Tomlinson*, 95 Ark. 565; *Norman* v. *Fife*, 61 Ark. 33; *Ward* v. *Carlton*, 26 Ark. 662.

In a proceeding against the sureties on a forfeited bail bond in a criminal case, no pleadings are required on the part of the State, but it is made the duty of the clerk to issue a summons requiring the bail to appear, etc. Kirby's Dig., § § 2183 and 2187; *Thomm* v. *State*, 35 Ark. 327. In that case the court said: "Under a like statute in Kentucky, it has been decided that, as the bail bond or recognizance itself is the basis of action, it must, in connection with the order of forfeiture, present a perfect cause of action."

It will be noted that the order of forfeiture in this case, made at the August term, 1909, shows that the defendant pleaded guilty, and was fined in the sum of $100, and, upon motion of the defendant, judgment was suspended until the next term of the court. This court has held that sentence may be pronounced on a plea of guilty at a term subsequent to that at which the plea of guilty was entered, and the reason is that the entry of a judgment at a subsequent term does not conflict with anything done at the previous term. *Thurman* v. *State*, 54 Ark. 120; *Greene* v. *State*, 88 Ark. 290; *Joiner* v. *State*, 94 Ark. 198.

In this case, however, the sentence or judgment of the court was pronounced at the same term at which the plea of guilty was entered by the defendant, and the execution of the judgment itself was suspended until the next term of the court. Where a party is present in court and pleads guilty, and the sentence of the court is pronounced, he is no longer in the custody of the bail, but is in the custody of the proper officers of the law, and his sureties are thereby discharged by the operation

of the law without a formal order to that effect. The reason is that the condition of the bond then will have been fully complied with.

As above stated, the defendant entered a plea of guilty at a term when he was present in court, and the court fined him $100. The sentence of the law was then pronounced, and the proper officer of the law was charged with its execution. It follows that the sureties on his bail bond had no further control over the custody of their principal, and could no longer be held responsible. This was a proceeding by scire facias under sections 2183 and 2187, *supra,* and, as we have already seen, the order of forfeiture is a part of the record. Hence the error in this case is apparent from the face of the record, and no motion for a new trial or bill of exceptions was necessary.

The judgment will be reversed, and the cause remanded for a new trial.