**STATE ex rel. WILSON, Co. Atty., v. REGER et al.**

No. 13429—Opinion Filed Sept. 30, 1924.

### Bail—Premature Action on Bond.

Bail bond was forfeited in the county court and application pending to set aside such forfeiture. Before final determination of such application, the state brought action in the district court to recover on the bond. Held, such action was premature and will not loe.

.(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by the State of Oklahoma ex rel. C. B. Wilson, County Attorney, against Frank Reger, principal, and J. F. Kabetzke, surety, on bail bond. Judgment for defendant Kabetzke, and the State appeals. Affirmed.

V. P. Crowe and J. A. Lee, for plaintiff in error.

McKeever, Moore & Elam, for defendants in error

Opinion by ESTES, C. The State of Oklahoma ex rel. C. B. Wilson, county attorney of Garfield county, sued, in the district court, Frank Reger, principal, and J. F. Kabetzke, surety, upon bail bond given by defendant Reger for the latter's appearance in the county court on a charge of violating the prohibitory laws. Service was upon and defense made only by said surety. Judgment was for defendant, a jury being waived.

It appears that at the time this suit was filed, the motion of defendant Kabetzke was pending in the county court to vacate the forfeiture and was undisposed of. Section 2927, Compiled Oklahoma Statutes 1921, provides:

"But, if at any time before the final adjournment of court, the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just. After the forfeiture, the county attorney must proceed with all due diligence, by action against the bail upon the instrument so forfeited."

Thus, by statute, the power to remit the forfeiture is vested in the court by which the exercise of the power is also regulated —in this case, the county court. The bringing of this action in the district court was therefore premature.

The learned trial court, in the instant

case, made careful findings of fact, among which are that defendant Reger did appear in the county court at the time required by his bond; that he was excused by court officers and told that his case would not be called and that he would be informed when he should appear again; that thereafter Reger was incarcerated by federal authorities for violating the prohibitory laws, and remained so at the time when his case in said county court was later called, and said forfeiture declared; that defendant surety sought to procure his presence pursuant to the terms of the bond; that defendant Reger was willing; that the state authorities made no effort to procure the body of Reger from the federal jurisdiction; that thereafter defendant Reger did appear in said county court, pleaded guilty to the charge as to which said bond was given, and paid the full penalty of the law. Had this showing been made to the county court on the application of defendant Kabetzke to set aside the forfeiture, the court would, no doubt, have released said surety.

It is well settled, according to the contention of plaintiff, that the forfeiture of the bond by the county court was conclusive evidence of its breach and cannot be impeached by extrinsic evidence (Abel et al. v. State ex rel. Saye, 79 Okla. 282, 193 Pac. 969), or cannot be collaterally attacked in a subsequent action against the principal and sureties in the bond (state ex rel. Hankin v. Holt et al., 42 Okla. 472, 141 Pac. 969). In Melton v. State, 46 Okla. 487, 149 Pac. 154, it is said:

"Should the court refuse to set the forfeiture aside upon the showing made, then the parties would have the right to appeal to the Supreme Court from the refusal of the trial court to vacate the order, and, unless they do so, the order of the court becomes final," etc.

Plaintiff cannot invoke these last-named rules, because the right of Kabetzke to have the forfeiture set aside was a vested one, under the statute, of which he could not be deprived by this premature action. It is unnecessary to discuss the alleged irregularity of the judgment of forfeiture in the county court and other matters raised by defendant.

The judgment of the trial court should be and is affirmed.

By the Court: It is so ordered.