## ADDINGTON et al. v. STATE ex rel. PRUET, Co. Atty.

No. 25063. April 30, 1935.

Brown & Brown and Brett & Brett, for plaintiffs in error.

Earl A. Pruet, Co. Atty., and Sigler & Jackson, for defendant in error.

PER CURIAM. Leon Addington was convicted of robbery with firearms, in cause No. 2234 in the district court of Jefferson county, Okla., on March 9, 1932, and his punishment fixed at imprisonment in the state penitentiary for a term of 30 years. An appeal was taken to the Criminal Court of Appeals, and on August 3, 1932, Addington was released from the state penitentiary at McAlester, upon the filing and approval of an appeal bond in the sum of $15,000. The bond was executed by the plaintiffs in error as sureties and was conditioned as provided by section 3196, Okla. Stat. 1931. The obligation of the bond provided, in part:

"Now, therefore, if said principal, defendant in said cause, shall appear, submit to and perform any judgment rendered by said Criminal Court of Appeals, or by said district court, in the further progress of said cause, and shall not depart without leave of the court. * * *"

Thereafter, and on or about January 2, 1933, Addington left the state of Oklahoma, without the permission or consent of any court of this state, and on June 11, 1933, was shot and killed in the course of an attempted robbery of the Carmine State Bank, Carmine, Tex.

On February 14, 1934, the county attorney of Jefferson county filed a motion in cause No. 2234, above referred to, calling attention to the fact that the defendant had departed the state without permission and had been killed at the time of an attempted robbery in the state of Texas. The motion prayed for an order forfeiting the appeal bond. Subsequently, although the exact date is not disclosed, the county attorney of Jefferson county, together with the Attorney General of the state of Oklahoma, appeared before the Criminal Court of Appeals and in the cause there pending involving the appeal of Addington suggested his death, the circumstances thereof, and moved for dismissal of his appeal and for forfeiture of the appeal bond. All this the Criminal Court of Appeals refused, but that court, by its opinion of March 3, 1933, 54 Okla. Cr. 304, 19 P. (2d) 976, did abate the proceeding and direct the district court of Jefferson county to enter such necessary order as would effect the abatement of the cause.

Apparently the mandate of the Criminal Court of Appeals was not followed, as it appears that on June 24, 1933, the plaintiffs in error, or part of them, appeared in cause No. 2234 and filed an answer to the motion of the county attorney seeking forfeiture of the appeal bond, and therein plaintiffs in error set up, among other facts, the action of the Criminal Court of Appeals, as stated above. This same day the district court of Jefferson county heard the motion to declare the forfeiture, sustained the same, and by appropriate order directed the county attorney to proceed with a civil action to recover the amount of the bond from the sureties. Plaintiffs in error, on the same day, filed their motion to set aside the order of forfeiture, and it appears from the record that this motion has not been presented to the court nor acted upon.

On June 28, 1933, the state of Oklahoma, on the relation of the county attorney of Jefferson county, instituted this cause in the district court of said county as cause No. 6395 against the plaintiffs in error, the sureties upon the appeal bond in question, to recover the amount thereof. Plaintiffs in error filed a pleading denominated a "demurrer," which was in effect an answer, pleading the death of Addington prior to the order forfeiting the bond, and asserting

lack of jurisdiction of the trial court to declare the forfeiture. The matter came on for hearing on August 22, 1933. It appears from the record that the parties stipulated as to the facts involved, and substantially as above set forth. It was mutually agreed that the proceedings relating to the bond forfeiture in cause No. 2234, the criminal case, and in the appeal thereof before the Criminal Court of Appeals, should be a part of the record in this case. After hearing the demurrer was overruled, plaintiffs in error refused to plead further, and judgment was thereupon rendered against them for the full amount of the bond. Motion for new trial was filed, overruled, and the cause was duly lodged in this court for review upon petition in error and case-made.

Several assignments of error are predicated upon the alleged error of the trial court in everruling the motion for new trial. A motion for new trial was not authorized or proper, since the judgment was rendered after overruling the pleading denominated a demurrer and since the facts were not disputed, but were put in evidence by an agreed statement. Section 398, Okla. Stats. 1931; Dunlap v. C. T. Herring Lumber Co. et al., 44 Okla. 475, 145 P. 374. This point is material only because the defendant in error by supplemental answer brief for the first time raised the question that the motion for new trial and order overruling the same, the notice of appeal and order extending time to make and serve case-made, were all filed in cause No. 2234, the criminal case. It is asserted that the appeal is not properly before this court. Regardless of the necessity for the motion for new trial, an examination of the record discloses that the error in numbering the pleadings and orders referred to was an inadvertence. All of said documents appear in the record of the case at bar. Bearing in mind that there had been and could have been no trial in the criminal case to recover upon the bond, and that the last action taken in the criminal case occurred on June 24, 1933, it is obvious that the documents referred to were in fact intended for filing in the case at bar. This is clear for the reason that the motion for new trial filed August 22, 1933, the date of the rendition of the judgment herein complained of, recites "that on this day the court rendered judgment," etc. As stated, this motion could only have reference to the judgment in the case at bar. The order overruling the motion for new trial, notice of appeal, and order extending time to make and serve case-made were all filed the same day, August 22, 1933. It is not shown or suggested who made the mistake in numbering or filing the documents in question, nor that the error misled or materially affected or prejudiced the rights of the defendant in error. Being convinced, therefore, that these documents, and especially the order extending time to make and serve case-made, were intended for the proper cause, we hold that the erroneous numbers thereon and the incorrect filing thereof cannot defeat the right of plaintiffs in error to have a review of the case in this court. Diamond et al. v. Inter-Ocean Newspaper Co., 29 Okla. 323, 116 P. 773; Dickinson et al. v. Whitaker, 75 Okla. 243, 182 P. 901.

The principal assignment of error raises the question of the jurisdiction of the trial court to enter the order of forfeiture in the criminal case or to render the judgment in the case at bar. It is argued by plaintiffs in error that the breach of the appeal bond was caused by "an act of God" and was therefore excusable. Many cases are cited supporting the proposition that the death of the principal in an appeal or bail bond, thereby preventing the performance of the bond, is "an act of God," precluding forfeiture. Those cases are not applicable to this cause. Here the breach of the bond occurred before the death of the principal and by his voluntary act. The question here to be determined may be stated: Can an appeal bond in a criminal action be forfeited by the district court after the death of the principal for a breach of the bond committed prior to death, and by an order of forfeiture entered after the appellate court in which the criminal action was pending has refused to forfeit the bond and ordered the cause abated? The question must be answered in the negative.

The appeal bond, together with the order of forfeiture, constitutes the basis of this action. It necessarily follows, and seems universally settled, that a valid and final order of forfeiture must precede action on the bond. State ex rel. Wilson, Co. Atty., v. Reger et al., 103 Okla. 92, 229 P. 470; 6 C. J. 1045; Zufall et al. v. United States, I Ind. T. 638, 43 S. W. 760.

It thus becomes necessary to determine the validity of the order of forfeiture here involved. The defendant in error asserts that such inquiry is a collateral attack upon that order, which cannot be made.

Many cases are cited in support of the general rule that an order of forfeiture in

cases of this character is not subject to collateral attack. Sutton et al. v. State ex rel. Selby, Co. Atty., 86 Okla. 120, 206 P. 818, and Davis v. State, 112 Okla. 298, 240 P. 1069, illustrate the point advanced. Those cases, however, do not preclude the defense that an order of forfeiture of a bond, such as here involved, is void. Section 2820, Okla. Stats. 1931, prescribes the manner in which such bonds may be forfeited, as well as the means of relief from such penalty. By appearing before final adjournment of court and satisfactorily excusing nonperformance of the obligations of the bond, the court may grant relief. If the excuse is rejected by the court, the defaulting party cannot later, in an action against him upon the bond, avoid the order of forfeiture by again presenting excuses. The case of Sutton ex rel. v. State, supra, cited by the defendant in error, clearly illustrates the distinction here made. While that cause lays down the rule that a collateral attack cannot be made upon an order forfeiting a bail bond, nevertheless, in that case this court did permit an attack upon such an order because of fraud in procuring the same. Melton v. State, 46 Okla. 487, 149 P. 154, well illustrates an instance where an attack may be made on the order of forfeiture. In the course of the opinion in that case this court said:

"Should the court refuse to set the forfeiture aside upon the showing made, then the parties would have the right to appeal to the Supreme Court from the refusal of the trial court to vacate the order, and, unless they do so, the order of the court becomes final, but for the defendant to be bound by the order and to be precluded from attacking the same in the action instituted on the forfeiture, the court exacting the bond, as well as the court forfeiting the bond, must have acted within their jurisdiction, but nothing short of a complete lack of jurisdiction will avail them as a defense against the action on the forfeiture. Defects in the bond, even though they go to the extent of making the bond voidable, or irregularities in the forfeiture, will be considered waived, unless raised as the statute prescribes, in the court taking the forfeiture, and at the term in which the forfeiture was had."

See, also, Stephens v. State, 111 Okla. 262, 239 P. 450.

Thus there can be no valid objection to an examination of the validity of the order entered June 24, 1933, declaring the bond forfeiture here involved. As has been noted, motion for forfeiture was filed February 14, 1933. At that time the criminal case was pending in the Criminal Court of Appeals, and that court had exclusive jurisdiction of the cause. In Reed v. State, 10 Okla. Cr. 444, 137 P. 369, it was stated:

"When a defendant has been convicted in a trial court, and an appeal is taken to the Criminal Court of Appeals, the jurisdiction of the said trial court over said case is lost, and said court has no right to make any order or render any judgment in such case except as directed by the Criminal Court of Appeals, and any such order or judgment or action taken would be a nullity."

After the filing of the motion in the district court, a similar motion was apparently filed in the Criminal Court of Appeals and there heard and considered. That motion also sought a dismissal of Addington's appeal. The Criminal Court of Appeals having jurisdiction of the case refused the very relief the district court later sought to grant. In refusing this relief, the appellate court directed that the cause be abated, not dismissed. There is no doubt that the Criminal Court of Appeals could have dismissed the appeal. The many cases cited by defendant in error, stating the rule that where a defendant in a criminal case which is on appeal leaves the state without permission of the court, his appeal may be dismissed and his appeal bond forfeited, are not in point. The Criminal Court of Appeals simply refused to exercise that discretion, but instead abated the entire proceeding. The opinion in this respect is clear. The court stated:

"The plaintiff in error, hereinafter called defendant, was convicted in the district court of Jefferson county of robbery with firearms, and his punishment fixed at imprisonment in the state penitentiary for a term of 30 years.

"Pending the determination of said appeal, plaintiff in error was enlarged on an appeal bond at $15,000, and on the 11th day of January, 1933, he participated in the attempted robbery of a bank at Carmine, Tex., and in such attempt was killed. The state admits the death, but has moved for a dismissal of the appeal and forfeiture of the bail bond for the reason that the terms of the bond were violated prior to the death of defendant.

"In a criminal action, the purpose of the proceeding being to punish the defendant in person, the action must necessarily abate upon his death. It is therefore adjudged and ordered that said action do abate, and that the cause be remanded to the district court of Jefferson county, with directions to enter its appropriate order to that effect."

See Addington v. State, 54 Okla. Cr. 304, 19 P. (2d) 976. The mandate issued to the trial court provided, in part: "Now, there-

fore, you are hereby commanded to cause such abatement." The cause was, therefore, at an end, and the trial court had no jurisdiction to take further steps in the case other than to enter the necessary order of abatement.

"A forfeiture will be allowed only in a pending case and not where it has been abandoned." 6 C. J. 1045.

This court appreciates the necessity of strenuous effort to combat the lawless. However, the principal on the bond here involved has paid the highest penalty for his acts, through his death. The highest criminal court of this state saw fit to proceed no further against the sureties on his appeal bond. The contention of the plaintiffs in error must be sustained. The judgment appealed from is reversed, and as authorized by section 549, Okla. Stats. 1931, the cause is remanded to the district court of Jefferson county, with directions to dismiss the cause

The Supreme Court acknowledges the aid of Attorneys Chas. E. France, J. H. Everest, and W. L. Farmer in the preparation of this opinion. These attorneys constituteed an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. France and approved by Mr. Everest and Mr. Farmer, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur.