People of State of Illinois, Plaintiff-Appellee, v. Edwin H. Schulze, Defendant, and Summit Fidelity & Surety Company, Defendant-Appellant.

Gen. Nos. 46,676, 46,677, 46,678.

First District, Second Division.

April 3, 1956.

Released for publication April 24, 1956.

Richard H. Devine, of Chicago, for defendant-appellant.

John Gutknecht, State's Attorney of Cook county, of Chicago, for appellee; Gordon Nash, Selig Drezner, Charles D. Snewind, and William Sylvester White, Assistant State's Attorneys, all of Chicago, of counsel.

JUDGE SCHWARTZ delivered the opinion of the court.

This is a consolidated appeal from three judgments rendered on recognizance bonds given for the appearance of Edwin H. Schulze on two charges of embezzle-

ment and one of forgery. Nine continuances and two orders for the transfer of the cases were entered before November 9, 1953, the day forfeiture was declared. In all these orders it was shown that the defendant Schulze appeared *in his own proper person,* as well as by an attorney. The orders of September 15 and October 2 continued the cases "with subpoenas," which means that the parties would have their witnesses in court at that time. The record shows that in the intervening period the state's attorney procured subpoenas duces tecum for the production of books by a large group of banks and several individuals for the purpose of proving the case for the prosecution. On November 9, 1953 the case was called and the order of the court shows that the defendant Schulze appeared by his counsel (and not personally). The˙defendant Schulze not being there in person, the bond was declared forfeited and a capias was ordered. A motion to vacate, apparently made orally by counsel without the assignment of any ground therefor, was continued from time to time until February 19, 1954, when the court heard counsel and overruled the motion. The order of November 9, 1953 declared a forfeiture but did not enter a judgment against the surety. It laid the basis for a scire facias proceeding pursuant to the statute (Ch. 38, Par. 625, Ill. Rev. Stat. 1955) which provides:

"When any person who is accused of any criminal offense shall give bail for his appearance, and such person does not appear in accordance with the terms of the recognizance or bond, the court shall declare such recognizance or bond to be forfeited, and the clerk of the court shall issue a scire facias as in other civil actions against such person and his sureties, returnable on a designated return day not less than thirty or more than sixty days from the date of such forfeiture to show cause why judgment should not be rendered against such person and his sureties for the amount of the recognizance or bond . . . . Before any pro-

ceeding shall have been instituted on any such forfeited bond or recognizance, the court may, in its discretion, set aside such forfeiture . . . upon motion and a proper showing to the court that the accused person has been apprehended or surrendered or has died or has been convicted and imprisoned by some other state or by the United States or upon the accused being brought or coming into open court."

On December 16, 1953, a writ of scire facias was filed summoning the defendant Schulze and his surety to appear December 29, 1953, to show cause why the forfeiture should not be made absolute, that is, why a judgment should not be entered. After various continuances an order was entered on August 31, 1954 reciting that the defendant and surety were three times severally, solemnly called in open court to show cause why the forfeiture should not be declared absolute, and the defendants not answering, the court declared the forfeiture absolute and entered judgments against the defendant Schulze and his surety.

On September 30, 1954, a motion to vacate the judgments, unsupported by affidavit, was filed by the attorney for the surety company reciting the following ground: "That the sureties have co-operated with the State's Attorney in the attempt to secure the apprehension of the defendant, Edwin H. Schulze, and have reason to believe that within thirty (30) days they will apprehend the defendant, Edwin H. Schulze." Thereupon the motion to vacate the judgments was continued to November 1, 1954. On that date by agreement of the state's attorney and the defendant surety and its counsel the case was continued and on January 21, 1955, the surety filed a written motion to dismiss the scire facias on the ground that the judges of the criminal court do not have jurisdiction to hear scire facias causes of action. This motion was denied, and from this the surety, hereinafter called appellant, has appealed.

■ It is argued that there is no showing that the defendant was thrice called and failed to appear. That the case was called and defendant Schulze failed to appear is clearly shown in the record not once but many times.

Appellant cites Brown v. People, 24 Ill. App. 72. In that case the condition of the recognizance was that the defendant should appear before a justice of the peace at 8:00 a.m. The court said that the justice did not wait the expiration of an hour from 8 a.m., but declared a forfeiture at 8 a.m. of that day, meaning 8 o'clock sharp. Mr. Justice McAllister said:

"By the common, or unwritten law of this State, it is the rule that in proceedings before Justices of the Peace, which are notified to begin at a fixed hour, neither party is in default until the expiration of that hour and the commencement of the next. This is a convenient rule, prevents surprise and exacts as much promptness as is safe and reasonable. That it prevails in this State is understood by the courts and the legal profession, as well as by the generality of the community."

Thus the learned justice held that 8 o'clock remained 8 o'clock until it was 9 o'clock. We cannot refrain from noting that he was the first justice of the Appellate Court after its statutory creation, and a bronze bust of his Ciceronian features adorns the southwest corner of our hearing room. He was not only a learned man but versed in the ways and wiles of practice before the justices of the peace of those days. He possessed great moral courage and in the interest of justice did not fear to repeat Joshua's memorable feat of stopping the sun in its course. But it will be noted he did so for only one hour. What the appellant in this case desires is that time be held in suspense while appellant has two or three years to search for and produce the defendant Schulze.

539

The other Illinois cases cited by appellant have no bearing here. State ex rel. Wilson v. Reger, 103 Okla. 92, 229 P. 470, held that a suit on a recognizance was prematurely filed when a motion to vacate the forfeiture was still pending. In the instant case the appellant's oral motion to vacate the forfeiture was disposed of. The motion to vacate the judgments was no more than a plea for a continuance to give the appellant a further opportunity to apprehend the defendant Schulze. Grounds for vacating a forfeiture such as this are set forth in the statute which provides that a forfeiture may be vacated upon a showing that the defendant has been apprehended or surrendered or has died or has been convicted and imprisoned by some other state or the United States or upon the accused being brought or coming into open court.

Appellant argues that the record shows that 58 days before the bond forfeiture the court ordered the case to be stricken, with leave to reinstate. This is not correct. The forfeiture was declared November 9, 1953. The later order made this absolute, which can only mean that judgment was entered.

██ The order striking the causes from the call was entered December 23, 1953. The appellant appeared and made many motions, as we have shown. Appellant argues, however, that the order striking the criminal cases from the trial call deprived the court of further jurisdiction, citing People v. Pastel, 249 Ill. App. 205. In that case the cause was stricken from the docket with leave to reinstate. After a lapse of a year the case was reinstated without any notice to the defendant. It was that lack of notice that was the basis for the judgment. The case bears no resemblance to the instant case.

Judgments affirmed.

McCORMICK, P. J. and ROBSON, J., concur.