STATE of Oklahoma, Plaintiff in Error,

v.

John W. BARNES, Defendant in Error.

No. 40239.

Supreme Court of Oklahoma.

Oct. 1, 1963.

O. S. Showalter, County Atty., of Cimarron County, Boise City, for plaintiff in error.

Frank E. Hensley of Tryon, Sweet & Hensley, Guymon, for defendant in error.

WILLIAMS, Justice.

This appeal presents the question of whether or not the trial court properly approved a jury verdict determining an issue of fact as to whether a certain bail bond guaranteed the accused's appearance in one case or in three cases.

On December 30, 1960, Sammy Merwin was arraigned in the County Court of Cimarron County in cases Nos. 2443, 2444 and 2445. In each case the information charged Merwin with the crime of malicious mischief. A bail bond in the amount of $600.00 was executed by Merwin and by Messrs. Barnes and Houts as sureties. Such bond was filed in case No. 2443. Thereafter on February 23, 1961, Merwin was tried in case No. 2443 and acquitted. At that time, cases 2444 and 2445 were continued by agreement until March 16, 1961. On such date Merwin did not appear.

On the criminal docket in cases Nos. 2444 and 2445, there are entries dated "3/16/61" ordering the "appearance bond heretofore given" forfeited and directing the county attorney "to proceed to collect the penalty in said bond."

The parties appear here in same position as in the trial court. Further reference to them here will be as they there appeared or by name.

On January 25, 1962, suit was filed in the trial court against Barnes on the bond to which we have referred hereinabove. In his answer Barnes denied generally and severally the allegations of the petition and further alleged "that the bond on which plaintiff sues was not made and approved as bond upon the charges against" Merwin in the cases wherein forfeiture was ordered and that he, as a matter of law, had been exonerated upon the bond.

At the trial it developed that on the criminal docket of the county court on December 30, 1960, the following entry was made in case No. 2443: "Deft. duly arraigned. Waives time to plead and employment of counsel and duly enters his plea of not guilty. Appearance bond fixed in sum of $600.00. Deft. committed to the custody of the sheriff until such bond made and approved." On the same date in each of the cases Nos. 2444 and 2445 the entry made on the criminal docket was as follows: "Deft. duly arraigned, waives time to plead and employment of counsel and duly enters his plea of not guilty."

The clerk of the county court testified that the appearance docket in her office reflected that an appearance bond was filed in case No. 2443 and that bonds were not filed in cases Nos. 2444 and 2445.

The county judge testified: "Yeah, I fixed a bond when he was arraigned in each. I fixed bond at $200.00. I didn't say so in my minutes. The one case, the first case, No. 2443, it showed a bond of $600.00. Then in the other 2 cases I fixed bond orally at $200.00 and referred to the bond in 2443 in those instances"; that the names of the bondsmen had been left out of the bond and he wrote them in when he approved the bond.

The county attorney testified that he was present when Merwin was arraigned. He further testified, of effect, that the county judge orally set a bond of $200.00 in each of the three cases and that the $600.00 bond was to cover the three cases. Barnes testified that he was not present when Merwin was arraigned.

The jury returned a verdict for Barnes and the State appeals from an order of the trial court overruling its motion for a new trial.

■ For reversal the State advances four propositions. The first is:

"That the verdict is contrary to the evidence and to the law in such cases, because the defendant in error admitted the execution of the bond, knew the nature of the bond, and the name of the defendant for which he was signing the bond, and that therefore he cannot be heard to complain, when an action is brought for the collection of the bond."

In support of this proposition the State cites no authority.

"Assignments of error presented in the brief which are supported neither by convincing argument nor citation of authority will be treated as waived or abandoned." Ritter v. Perma-Stone Co., Okl., 325 P.2d 442.

The bond signed by Barnes, in pertinent part, provides:

"Know all men by these presents, that we Samuel E. Merwin as principal and John W. Barnes and Gayle Houts as sureties are held and firmly bound unto the State of Oklahoma in the penal sum of Six-Hundred and no/100 Dollars * * *.

"The condition of the above obligation is such that whereas the above named principal stands charged by information, duly presented in the County Court of Cimarron County, Oklahoma, with the crime of Malicious Mischief.

"Now, if the said Samuel E. Merwin shall well and truly make his personal appearance before said Court at its nexr term to begin and holden at the Court House of said County of Cimarron in the Town of Boise City on the first day of January 1961 and there remain from day to day and from term to term of said Court until discharged by due course of law, then and there to

answer said accusation against him, this obligation shall become void. Otherwise to remain in full force and effect."

Some time after the bond was filed with the court clerk the county attorney wrote thereon "No. 2443–2444–2445". At the time Barnes signed the bond it did not contain a case number.

The language of the bond is all in the singular, i. e., it refers to one "information", one "crime" and one "accusation". There is nothing in the bond which would have indicated to Barnes that the bond applied to three separate cases. There was no testimony that Barnes was advised prior to his signing the bond that such guaranteed Merwin's appearance in three cases rather than in only one case.

Evidently after the bond was filed, the county attorney and the county judge realized that it was doubtful that the bond applied to all three cases. The county attorney, as we have previously noted, wrote the numbers of all three cases on the bond after it had been filed in the office of the court clerk. The county judge, on June 6, 1962, entered on the "criminal docket" in case No. 2443, as follows: "Bond in this case, covers cases Nos. 2444 and 2445 and this case. It was fixed at $200. in each of said cases, but one bond given case No. 2443. One bond for $600.00 given covering the three cases."

Whether or not the bond had been filed in all three cases was an issue of fact which the trial court without objection from the parties, submitted to the jury for its determination.

In the case of Shumate et al. v. Prague National Bank, Okl., 367 P.2d 720, in the first paragraph of the syllabus, we held:

"Where questions of fact are submitted to the jury under instructions fairly stating the law applicable to the facts, verdict and court's judgment thereon will not be disturbed on appeal."

"Proposition(s) No. 2–3" of the State are that:

"The District Court of Cimarron County, Oklahoma, erred in not directing the jury for a verdict for Plaintiff in Error."

The State argues that "The evidence shows beyond a doubt that defendant knew when he signed above mentioned bond that he was signing same for the purpose of obtaining the release of said Sammy Merwin from custody for the crimes of malicious mischief as charged in the three cases filed against him by information." The State does not quote any evidence to such effect nor did we, in our examination of the record, find any such evidence.

■ The State's fourth proposition is that "The District Court of Cimarron County, Oklahoma, erred in submitting a matter of jurisdiction or law to the jury for its verdict." Under this proposition the State contends that "If this defendant had any defense to this forfeiture, the statutes prescribe the time in which such defense shall and must be made. The term of court in which this forfeiture had passed and the next term of court had also passed. So, if he ever had a reason for which he could claim a defense it had long since lost its right under the statute." We do not agree.

This Court in the case of Nix v. State ex rel. Connor, Okl., 380 P.2d 709, in the syllabus held:

"Where the State, on relation of a County Attorney, sought money judgment on a criminal appearance bond, necessarily alleging in its petition, inter alia, that said bond had been forfeited, the defendants' answer in the form of an unverified general denial, joined at least one material issue of fact, and the trial court's denial of defendants' request for a jury trial was error as to that issue."

In 8 Am.Jur.2d, Bail and Recognizance § 202 p. 893, is the following language:

"A statute limiting the time within which a surety must move to set aside

the forfeiture of a bail bond does not apply where the surety claims that it never entered into the contract or that the court never had jurisdiction to enter the forfeiture."

 In the case of Addington et al. v. State ex rel. Pruet, 172 Okl. 61, 44 P.2d 131, in the first three paragraphs of the syllabus this Court held:

"A valid order forfeiting an appeal bond in a criminal action is a prerequisite to an action against the sureties on such bond to recover the amount thereof for a breach of the conditions of the bond.

"In a suit by the state to recover against the sureties on an appeal bond given in a criminal action, the validity of the order forfeiting the bond may be put in issue, but unless such order of forfeiture be void it must survive a collateral attack.

"A void order forfeiting an appeal bond in a criminal action cannot support an action against the sureties on such bond, and such order of forfeiture may be collaterally attacked."

The trial court instructed the jury in pertinent part, as follows:

"You are further instructed that the county court had to have jurisdiction to order a forfeiture in this case and in order for the County Court to have had jurisdiction to order such a forfeiture it must have been necessary, essential and a prerequisite an appearance bond be filed in cases No. 2444 and 2445 on the 16th day of March, 1961, before an order of forfeiture could be made by the County Court."

In the second paragraph of the syllabus in the case of Garrison v. Bonham, 207 Okl. 599, 251 P.2d 790, we held:

"A general verdict returned by a jury in favor of the defendant and against the plaintiff is a finding of every material fact necessary to support it."

Necessarily included in the verdict of the jury as approved by the trial court, was a finding that the appearance bond herein involved was not filed in cases Nos. 2444 and 2445, County Court of Cimarron County, Oklahoma.

There being no bonds filed in cases Nos. 2444 and 2445 which could be forfeited, the orders purporting to forfeit same were void.

Affirmed.