### Ex parte TURNER LINAM.

No. A-9980. Jan. 22, 1941.
(109 P. 2d 838.)

156

C. B. Cutler, of Okmulgee, for petitioner.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for respondent.

DOYLE, J. On behalf of Turner Linam a duly verified petition for writ of habeas corpus by which petitioner seeks to secure his release by order of this court from the custody of Jess F. Dunn, warden of the State Penitentiary at McAlester, was filed in this court.

When presented to the court the Attorney General appearing for respondent filed a general demurrer to the petition on the ground that it does not state facts sufficient to entitle petitioner to the relief prayed for, and the cause was submitted. Counsel for petitioner was given until January 20, 1941, to file a brief in support of the petition.

It is alleged in the petition that petitioner was informed against, convicted, and committed by the district court of Delaware county, Okla., to the McAlester Penitentiary to serve 20 years for the crime of robbery with firearms on an information filed in said court on November 29, 1937, in which Turner Linam, A. J. Sparkman, and Cliff Beck were jointly charged with the crime of robbery with firearms, alleged to have been committed on the 24th day of October, 1937, in Delaware county.

It is further alleged that said conviction, sentence, and commitment are void because the essential elements of the offense of robbery and the material allegations

necessary to plead said offense are not alleged in said information, but that if said information charges any offense, which the petitioner denies, it is that of larceny. Copies of said information and minutes of the plea of not guilty of petitioner and a copy of the judgment and sentence of the court are attached to and made a part of said petition.

Petitioner further alleges "that he is imprisoned contrary to the statutory laws governing the offense of robbery and in direct violation of the Constitution of Oklahoma."

The precise question presented on the pleadings in this case was passed upon and determined by this court in the case of his codefendant, Sparkman v. State, 67 Okla. Cr. 245, 93 P. 2d 1095, wherein the information was held sufficient and the judgment of the district court of Delaware county was affirmed: the court holding:

"An information, charging that defendants willfully, forcibly, wrongfully and feloniously assaulted named persons 'with a firearm, to wit: a shotgun,' thereby putting such persons in fear of immediate injury, and took from their possession, while they were under influence of such fear, about $53, against their will with felonious intent to convert same to defendant's own use and benefit, was sufficient as directly and certainly charging such defendants with offense of robbery with firearms. * * *

"The true test of sufficiency of information is not whether it might possibly have been made more certain, but whether it contains every element of offense intended to be charged and sufficiently apprises defendant of what he must be prepared to meet."

In conclusion we simply add that it is apparent from the record that no sufficient cause is shown for the issuance of the writ of habeas corpus. It is therefore denied.

BAREFOOT, P. J., and JONES, J., concur.