# Ex parte CUMMINS.

No. A-11490.   March 28, 1951.

(229 P. 2d 611.)

Joe Cummins, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, P. J.   This is an original action in habeas corpus brought by Joe Cummins, petitioner, pro se, wherein he alleges that he is unlawfully restrained of his liberty by C. P. Burford, warden of the State Penitentiary at McAlester, Oklahoma.   He complains that on November 5, 1949, in the district court of Love county, Oklahoma, he was sentenced on a plea of guilty to a term of 25 years on a charge of first degree rape.   He alleges he did not enter a plea of guilty to the charge of first degree rape but that his plea was entered to a charge of second degree rape.   In his petition he requests that Charles A. Milor, defense counsel, be brought before this court to establish the facts as alleged in his petition.   Attached to his petition is a copy of the information in which it is alleged in the charging part as follows, to wit:

"That the said Joe Cummins, in the county of Love, State of Oklahoma, on or about the 18th day of January, 1947, did then and there unlawfully, wrongfully, knowingly, intentionally, and feloniously make an assault upon the person of one Rosemary Bryan, not the wife of the perpetrator, said Rosemary Bryan being at that time under the age of 14, and of the age of thirteen, with the felonious intent to rape and have sexual intercourse with her, the said Rosemary Bryan, and that the said Joe Cummins did then and there unlawfully, intentionally, willfully, wrongfully, and feloniously rape and have sexual intercourse with the said Rosemary Bryan."

There is also attached to the said petition for writ of habeas corpus a copy of the judgment and sentence entered against the defendant based on said information and plea of guilty.   Therein it appears that the petitioner entered his plea of guilty to the charge of first degree rape as charged in the information. Under the charge therein laid the petitioner could not have entered a plea of guilty to second degree rape, since under the provisions of Title 21, §1114, O. S. A. 1941, the crime having been committed upon a girl under 14 years of age and as alleged in the information was that of first degree rape.   Thus the trial court based upon the charge in the information had jurisdiction of the crime, and authority under the provisions of Title 21, § 1115, fixing the penalty for first degree rape within the limits of from death to not less than 15 years in the

26

penitentiary. It further appears that the trial court had jurisdiction of the defendant's person.

In Ex parte Linam, 71 Okla. Cr. 155, 109 P. 2d 838, 839, it was said:

"An application for writ of habeas corpus must at least make prima facie showing that the applicant's confinement is unlawful.

"Where petitioner is imprisoned under a judgment of conviction and seeks to be discharged on habeas corpus, the inquiry is limited to the question whether the court in which he was convicted had jurisdiction of his person and of the crime charged, and if the trial court had jurisdiction to convict and sentence, the writ cannot issue to correct mere errors.

"Where the facts stated in a petition for a writ of habeas corpus, if established, will not warrant the discharge of the petitioner, the writ will be denied."

In Ex parte Critser, 87 Okla. Cr. 380, 198 P.2d 228, we said:

"The writ of habeas corpus is limited to cases where the judgment and sentence of the court attacked are clearly void.

"The Criminal Court of Appeals on habeas corpus will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure or errors of law on questions over which the court has jurisdiction."

Hence it is apparent that the application herein for writ of habeas corpus does not make out a prima facie case showing the applicant's confinement is unlawful. It further appears on the face of the petition that the jurisdiction of the court was well founded and the judgment and sentence of the court was not void. As hereinbefore indicated this court will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure or errors of law on questions over which the court had jurisdiction. Furthermore, if the facts as stated in the petition were established under the conditions hereinbefore related, such facts would not warrant the discharge of the petitioner. For all of the above and foregoing reasons, the writ of habeas corpus must be and is accordingly denied.

JONES and POWELL, JJ., concur.