# Ex parte MOUTAW.

No. A-11525.   Oct. 10, 1951.

(236 P. 2d 509.)

Tom Smith and Walter Billingsley, Wewoka, for petitioner.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for respondent.

POWELL, J.  Floyd F. Moutaw, who is confined in the State Penitentiary at McAlester, has filed in this court his petition for writ of habeas corpus, seeking his release on the ground that the judgment under which he is imprisoned is void.  He states that his application for a writ of habeas corpus in the district court of Pittsburg county has been denied.

Petitioner alleges that he was arrested on October 20, 1950, and charged by preliminary information in the county court of Cimarron county with the crime of assault with intent to kill; that he does not know whether he had a preliminary or not, but that a purported preliminary was had on October 25, 1950, and he was bound over to the district court; that he had never been arrested before, was but twenty-four years of age, did not have an attorney; and that on October 30, 1950, he was brought before F. Hiner Dale, district judge of Cimarron county, and requested to plead; that he entered a plea of guilty and was immediately sentenced to four years in the State Penitentiary at McAlester.  It is alleged that the day following his sentence his family obtained counsel·for him, but the court refused to set aside the judgment and sentence.

Petitioner alleges that his rights under the Bill of Rights, Art. II, § 20, Const. of Okla., were ignored and violated in that his plea of guilty was not voluntary, and was made before he was advised of his constitutional rights, and that the district court did not have jurisdiction to pass judgment and sentence on petitioner's plea of guilty by reason of such fact, and by reason of the further fact that the district court failed and refused to wait two days before passing judgment and sentence as required by statute.

Through a long line of decisions this court has held that a defendant in a criminal case may waive any right, not inalienable, given him by the statute

or Constitution which can be relinquished without affecting the rights of others, and without detriment to the community at large, and such waiver may be made either by express agreement or by conduct, or by a failure to insist upon the right in seasonable time. Hill v. State, 9 Okla. Cr. 629, 132 P. 950; Adams v. State, 21 Okla. Cr. 448, 209 P. 189; Terrell v. State, 16 Okla. Cr. 287, 177 P. 125; Ex parte Gilbert, 71 Okla. Cr. 268, 111 P.2d 205; Norman v. State, 81 Okla. Cr. 78, 160 P. 2d 739.

Respondent, warden of the State Penitentiary, has filed a response to the petition herein, attaching photostatic copy of the commitment under which said prisoner is held, which is in regular and legal form. Also there has been filed a copy of the minutes of the district court of Cimarron county for October 30, 1950, the day of the sentencing of defendant, affidavits by the county attorney of Cimarron county, Hiram A. Butler, and of the trial judge, F. Hiner Dale, and attached to the affidavit of the trial judge was a written confession of the petitioner, confessing to the crime with which charged.

Our record further shows that the case was assigned for oral argument on our docket for January 24, 1951, and was stricken on said date and reset for February 28, 1951; that the Attorney General filed a response on February 26, 1951, and the case was submitted on February 28, 1951, upon the petition and response; and that on March 1, 1951, the Attorney General filed herein a transcript containing the information, judgment and sentence, minutes of the county and district court appearance dockets.

This is not an appeal from the judgment rendered, of course. The office of the writ of habeas corpus is not to determine the guilt or innocence of the prisoner, and the only issue is whether or not the prisoner is restrained of his liberty by due process of law.

Specifically in the within case, the only question for consideration presented by the petition is whether the defendant, after his arrest, was advised of his constitutional rights to be represented by counsel, whether or not he had a preliminary examination or waived it, and whether or not he was advised of his right to trial by jury and his right to be represented by counsel, or was in any way coerced in entering a plea of guilty.

The county attorney sets out that on October 20, 1950, he filed a preliminary complaint or information in the county court of Cimarron county before the Hon. I. E. Hill, sitting as an examining magistrate; that defendant was arrested and arraigned before said magistrate who fully advised defendant of his right to employ counsel and that an officer would take him to consult counsel, or that the sheriff would call counsel for him, or take him to a telephone to call an attorney, or relative or friend, and that he could have time to plead; that petitioner herein stated that he wanted a preliminary hearing but did not care to consult a lawyer, and thereupon the preliminary hearing was set for Wednesday, October 25, 1950, at 10:00 a.m., and when the case came on for hearing the magistrate again asked petitioner if he wanted to be represented by an attorney, and that the accused answered "no:" That thereupon the State produced witnesses to prove the charge, and then rested. That the court admonished the accused of his right to ask questions of the witnesses appearing against him, and of his right to offer evidence in defense, but that he stated that he had nothing to offer.

The county attorney further states that after the preliminary the prisoner sent for him and asked him what the penalty was covering such a charge, and that he was advised; that prisoner stated that he was considering pleading guilty but would let the county attorney know in a few days; that he had

written some relatives from whom he was wanting to hear; that on or about the 30th day of October, prisoner had an officer bring him to the office of the county attorney and that he announced that he wanted to plead guilty and affiant then telephoned the district judge at Guymon and requested him to come to Boise City and make disposition of the case. Affiant stated that he at no time urged Floyd F. Moutaw to confess, and that no one else, to his knowledge, so urged him.

District Judge F. Hiner Dale sets out in his affidavit that on the 30th day of October, 1950, he received a telephone message from the county attorney of Cimarron county, advising him that Floyd F. Moutaw, charged with the crime of assault with intent to kill, had signified his desire to plead guilty to the charge theretofore filed, and that on the afternoon of said day he drove to Boise City and opened court. It is further set out that the defendant was brought in, the county attorney read the information in open court in the presence of the defendant; that when asked, defendant stated that he did not have an attorney and did not want one, but wished to plead to the information at that time. That upon being asked whether he was guilty or not guilty, he answered "guilty". Judge Dale further stated that he asked the defendant how it all happened, and defendant told him that while he and his mother-in-law, Mrs. Riley Fly, were scuffling over a gun, it was discharged and his wife was struck. The county attorney then stated his evidence, and Judge Dale was handed a statement signed by the defendant, which statement was attached to his affidavit as "Exhibit A". Judge Dale further stated that from the county attorney and sheriff he learned that on October 16, 1950, the defendant was having trouble with his wife, who had threatened to leave him; that defendant had his gun to kill his wife and then kill himself, and when he attempted to shoot his wife, her mother, Mrs. Fly, attempted to take the gun away from him, and while they were scuffling the gun went off and struck the wife of defendant, who was standing in the door. Floyd F. Moutaw was drinking at the time. Judge Dale asked the county attorney for his recommendation, and he suggested that the defendant be given five years in the state penitentiary. The judge asked the defendant if he knew of any reason why judgment and sentence should not be passed upon him at that time, and he stated that he did not. The defendant was then sentenced to four years in the penitentiary.

The case of Ex parte J. D. Marchbanks, 72 Okla. Cr. 380, 116 P. 2d 725, 726, is a case similar in many respects to the case at bar, and there we held that the defendant effectively waived the rights that he later denied waiving.

The records and evidence before us disclose that the defendant was at the time of arraignment before the examining magistrate after arrest advised of his right to be represented by counsel; that he waived this right; that he did receive a preliminary examination; that the district judge before whom he was arraigned fully advised him of all of his constitutional and statutory rights, and that his plea of guilty was voluntarily entered, and that the court had jurisdiction to pronounce the judgment complained of, and it is determined that the imprisonment of petitioner is in accordance with law.

The writ is, therefore, denied.

BRETT, P. J., and JONES, J., concur.