## FOSTER v. STATE.

No. A-11930. July 15, 1953.

(259 P. 2d 542.)

134

C. L. Foster, pro se.

Mac Q. Williamson, Atty. Gen., for respondent.

JONES, J. This is an original application for a writ of habeas corpus filed by the petitioner, C. L. Foster, for the purpose of securing his release from confinement in the State Penitentiary.

The verified petition alleges that petitioner was sentenced to serve three years imprisonment on a plea of guilty to the crime of passing a bogus check in the amount of $6.50, which sentence was pronounced by the district court of Jackson county; that petitioner was uneducated and did not have the assistance of counsel to defend him and that he did not waive his right to counsel; that, therefore, his judgment and sentence was void, not only as being in excess of that authorized for passing a bogus check in an amount less than $20, but because the trial court lacked jurisdiction by reason of his failure to complete the court by appointing counsel for the accused before accepting his plea.

A hearing was had on the petition and the evidence showed that the petitioner was being held in the county jail of Jackson county at Altus on fourteen charges of forgery. That during the several days he was in the county jail he had repeated conversations with the county attorney of Jackson county and finally entered into an agreement with the county attorney that he would enter a plea of guilty to one of the charges of forgery if the county attorney would·recommend a sentence of three years imprisonment in the penitentiary, and, furthermore, would dismiss the remaining thirteen charges of forgery which had been filed against him.

The district judge swore that he advised the accused at the time of his arraignment of his right to trial by jury, of his right to be heard by counsel, and that the trial court would appoint counsel to represent him if the accused was unable to employ counsel and wanted counsel to represent him, and advised him of his right to have additional time in which to plead to the information if he so desired. And that after fully advising the petitioner of all of his statutory and constitutional rights, the petitioner stated to the court that he was ready to proceed and did not wish the assistance of counsel and thereupon entered his plea of guilty to the charge set forth in the information. The trial court then followed the recommendation of the county attorney and sentenced the accused to serve three years imprisonment in the penitentiary for the crime of forgery as alleged in the information. The minutes of the court proceedings, as shown by the court clerk's records, support the evidence of the district judge.

The county attorney also swore to substantially the same facts as those related by the district judge, and further swore that in accordance with the agreement had with the accused, that all other charges had been dropped.

In the case of Ex parte Cornell, 87 Okla. Cr. 2, 193 P. 2d 904, 906, this court held:

"Under Bill of Rights (Art. 2, § 20, Okla. Const.) an accused has the right to consult with counsel and to be fully advised as to his rights and as to the consequences of his act before entering his plea to the indictment or information.

"A plea of guilty should be entirely voluntary, and should be made by one competent to know the consequences thereof, and should not be accepted until after the defendant has been fully advised by the court of his rights and the consequences of his plea.

\* \* \* \* \* \*

"A person prosecuted for a crime may waive the rights guaranteed to him by Bill of Rights, relating to trial by jury, right to be heard by counsel, etc.

"Courts indulge every reasonable presumption against a waiver of fundamental constitutional rights, and do not presume acquiescence in their loss.

"Whether one accused of crime has waived his right to the assistance of counsel for his defense must depend in each case upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

"Habeas corpus is an available remedy to one who has, without having effectively waived his constitutional right to the assistance of counsel, been convicted and sentenced and to whom expiration of time has rendered relief by an application for a new trial or by appeal unavailable.

"One charged with crime is as much entitled to assistance of counsel in preparing for trial as at the trial itself.

"In a felony case, where the defendant is unable to employ counsel and is incapable adequately of making his· own defense because of immature youthfulness, ignorance, feeblemindedness, illiteracy, or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law.

"A judgment of conviction of one who did not effectively waive his constiutional right to the assistance of counsel for his defense is void as having been rendered without jurisdiction."

We are convinced, after a consideration of the record, that all of the safeguards thrown about one accused of crime have been extended to the petitioner and that his plea of guilty was entirely voluntary and that the judgment and

sentence was for forgery and not the issuance of a bogus check. The trial court had jurisdiction of the person of the accused and jurisdiction to render the particular judgment.

The writ of habeas corpus is denied.

POWELL, P. J., and BRETT, J., concur.