**In the Matter of the Petition of John R. BROWN, for writ of habeas corpus and writ of mandamus.**

No. A–12396.

Criminal Court of Appeals of Oklahoma.

Dec. 19, 1956.

**594**

John R. Brown, pro se.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for respondent.

BRETT, Justice.

This is an original petition for writ of habeas corpus and writ of mandamus in a combined action wherein the petitioner alleges he is being unlawfully restrained of his liberty by Warden H. C. McLeod of the Oklahoma State Penitentiary. He alleges that the cause of his restraint is a certain judgment and sentence rendered against him by the District Court of Tillman County, Oklahoma, wherein he was sentenced to serve six years in the state penitentiary upon a plea of guilty to a charge of first degree robbery. He further alleges that the trial court erred in passing judgment on him on his plea of guilty for the reason that he was denied the aid of counsel and that due process was not observed in the proceedings and that the record will not sustain the corpus delicti of the charge. For these reasons, he alleges, he is entitled to relief by habeas corpus. He further requests that a writ

of mandamus be ordered requiring the preparation of a transcript of the proceedings so that he might appeal from the judgment and sentence rendered against him.

To this, the State of Oklahoma has made response, in substance denying each and every material allegation therein contained, except that he was convicted and is confined as alleged. Attached to the said response is a copy of the information, wherein the crime of robbery in the first degree is sufficiently alleged, in substance that the petitioner put one Edgar Blakely in fear of great bodily harm when he beat said Edgar Blakely on the head and body and by reason of said force and fear thus created, he did take and steal against Edgar Blakely's will from his person $35 in cash for the purpose of converting the same to his own use and benefit. Also attached to the response is the judgment and sentence, which appears to be valid on its face, finding the petitioner guilty and fixing his punishment at six years in the penitentiary. There is further attached to the response the minutes of the District Court as of July 2, 1954, which show that the information was read to the defendant and the court fully advised the defendant of all his legal rights and that the defendant entered a plea of not guilty, whereupon bond was fixed in the sum of $15,000. Said minutes reflect that on August 2, 1954, the defendant was present in person and withdrew his plea of not guilty and entered a plea of guilty and was sentenced as hereinbefore set forth.

Further attached to the response are affidavits of L. L. Kilgore, Sheriff of Tillman County, Howard M. McBee, Assistant County Attorney of Tillman County, and Hon. Weldon Farris, District Judge, all to the effect that on the arraignment of the petitioner, John R. Brown, he was advised of his right to twenty-four hours in which to plead and the right to the aid of counsel before he entered his plea and he was further advised that the trial court would provide him with counsel if he was so impoverished he could not provide the same himself. He was further advised of his right to a trial by a jury.

■ Notwithstanding said advice, the defendant withdrew his plea of not guilty and entered a plea of guilty. From the record it clearly appears that the defendant waived his right to the aid of counsel, which he may do. Foster v. State, 97 Okl. Cr. 133, 259 P.2d 542; Ex parte Moutaw, 94 Okl.Cr. 377, 236 P.2d 509. From the record herein, it does not appear that the petitioner was a youth or one inexperienced in such proceedings as are herein involved.

■ It has been repeatedly held where a disputed question arises as to what occurred upon arraignment of one accused of crime, great weight will be given to the recitation in the minutes of the court proceedings as to what occurred. Every presumption favors regularity of the proceedings had in the trial court. The general rule often announced by this court is that error must affirmatively appear from the record; it is never presumed. Ex parte Hunt, 93 Okl.Cr. 106, 225 P.2d 193; Ex parte Hampton, 87 Okl.Cr. 416, 198 P.2d 751, 752. The presumption that the proceedings had herein were regular and according to law is amply supported by the three affidavits heretofore mentioned. In this connection, see Ex parte Motley, 86 Okl.Cr. 401, 193 P.2d 613, 614. Furthermore, it has also been repeatedly held:

"Where a petition for a writ of habeas corpus is filed, the burden is upon petitioner to sustain the allegations thereof. It is only when the record and the evidence reveals that the judgment and sentence under which petitioner is being held is void will relief be granted by habeas corpus."

Ex parte Seale, 75 Okl.Cr. 183, 129 P.2d 862. It does not appear that the judgment and sentence herein complained of is void. To the contrary, it affirmatively appears that the judgment and sentence herein rendered is valid because the trial court had jurisdiction of the subject matter, jurisdiction of the person of the petitioner, and authority under the law to render the judgment and sentence herein imposed and that the trial court did nothing in the way of denying the petitioner his fundamental rights to defeat the jurisdiction of the trial court in the premises. These conclusions are supported by the minutes of the court as well as by the corroborating affidavits.

■ The state having furnished petitioner a transcript of the proceeding in the Justice of the Peace Court, the information filed in the District Court together with the court's minutes and a true and correct copy of the judgment and sentence, the application for writ of mandamus to require the furnishing of the same is moot. The petition for writ of habeas corpus is accordingly denied.

JONES, P. J., and POWELL, J., concur.