Paul MENNELLI, Petitioner,

v.

Robert R. RAINES, Acting Warden Oklahoma State Penitentiary, Respondent.

No. A–12735.

Court of Criminal Appeals of Oklahoma.
July 1, 1959.

Paul Mennelli, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

PER CURIAM.

This is an original petition for writ of habeas corpus brought by Paul Mennelli, petitioner. Therein he alleges he is being unlawfully restrained of his liberty by the acting warden of the penitentiary, said acting warden now being Robert Raines.

■ Among the complaints raised in the petition, none of them are sufficient to seriously challenge the court's jurisdiction of the person of the petitioner—the jurisdiction of the court over the subject matter—or the jurisdiction of the court to pronounce judgment and sentence. The complaints all relate to matters that should have been considered by direct appeal.

The complaints refer to irregularities or error of law arising during the court of trial such as that the petitioner was held incommunicado under a doctor's care without being permitted to call counsel for five days; that he was denied a speedy trial, but does not state the amount of time elapsing between the charging by information and the time of trial except that the preliminary hearing was continued four times without petitioner's request; that the county attorney's conduct was prejudicial; that the state failed to adequately prove the former conviction and that the punishment assessed by the court was cruel and excessive. These are matters that should have been raised on appeal and are not sufficiently stated to permit relief by way of habeas corpus.

The complaints as alleged in the petition for habeas corpus did not affect the court's jurisdiction, but were purely matters lacking in materiality or errors of law to be raised on appeal.

■ This court has repeatedly held that habeas corpus may not be used as a substitute for an appeal and where the petition wholly fails to state facts sufficient to warrant the discharge of the petitioner the writ will be denied. Ex parte Linam, 71 Okl.Cr. 155, 109 P.2d 838; Ex parte Whitson, 70 Okl.Cr. 79, 104 P.2d 980, and numerous other cases.

The writ is accordingly denied.