Application of Jack Coleman RUSSELL for
Writ of Habeas Corpus.

No. A–12909.

Court of Criminal Appeals of Oklahoma.

July 27, 1960.

Jack Coleman Russell, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., Harry D. Pitchford, County Atty., Okmulgee, respondents.

BRETT, Judge.

This is an original petition for habeas corpus brought by Jack Coleman Russell. He alleges in substance that he is being unlawfully detained by the warden of the State Penitentiary. The cause of said unlawful restraint is by reason of a certain judgment and sentence rendered against him on September 2, 1958, in the District Court of Okmulgee County, Oklahoma, for the murder of an elderly lady, Daisy Mae Duval, committed on the night of August 31, 1958. He contends that he was rapidly processed to the point that he did not understand the proceedings, was not advised of his constitutional and statutory rights, and was thereby deprived of due process of law. He alleges that he was run up and down the stairs to the point of exhaustion, and threatened with the electric chair in order to extract the confession from him and to induce him to enter a plea of guilty. He alleges that he was unfamiliar with police methods, their power of suggestion and as to any rights which were his as an individual.

To this petition the state made response, in substance denying all the allegations thereof except the allegation of his confession, judgment and sentence.

Attached to the response is a full and complete confession of the petitioner supported by affidavits to the effect that it was freely and voluntarily given. It further appears from the record herein, that no acts of force or violence were used to obtain the confession, but to the contrary, the petitioner called deputy sheriff Carter from his cell and stated that he wanted to make "a clean breast" of the case because he did not want an old man (the father of Helen Paula Kennison) to go to the penitentiary for something he did not do. (It appears that Helen Kennison charged that the killing was done by her father, and not by petitioner and herself as an accomplice. The record shows that petitioner struck the fatal blow, and the father of Helen Kennison was in no way connected with the crime.) The confession admitting the charge was taken by the County Attorney in response to petitioner's voluntary desire to make it. The evidence herein discloses that no excessive methods were employed and no intimidation, threats or abuse was resorted to in order to obtain it.

On September 2, 1958, the petitioner was arraigned before the District Judge, Honorable W. A. Barnett. The minutes of that proceeding disclose that the trial judge meticulously advised the petitioner of his rights, as to 24 hours in which to plead, to aid of counsel, that in case of his inability to provide counsel that the same would be provided for him by the state without cost to him, and that petitioner was entitled to trial by jury. Moreover, he was advised of the consequences of his plea. He admitted that in spite of the fact that he knew what the county attorney's recommendation would be, he did not want to delay his plea and did not want counsel; but wanted to, and did, enter a plea of guilty, upon which plea he was sentenced to life imprisonment. Furthermore, the record shows that the petitioner was not inexperienced in court proceedings since he had been a bonded peace officer in the State of California and as such knew of his rights and their importance. In addition thereto, he had a prior record of two felonies in the courts of California.

This record conclusively shows that this petitioner's rights were not invaded, but to the contrary were intelligently waived, with full knowledge and advice of their significance to him, and that he freely and voluntarily confessed his crime without coercion, force, or intimidation. The trial court did nothing to defeat or lose its jurisdiction and its judgment and sentence is in every respect valid.

In the matter of the petition of John R. Brown, Okl.Cr., 305 P.2d 593, 595 we said:

"From the record it clearly appears that the defendant waived his right to the aid of counsel, which he may do. Foster v. State, 97 Okl.Cr. 133, 259 P.2d 542; Ex parte Moutaw, 94 Okl.Cr. 377, 236 P.2d 509. From the record herein, it does not appear that the petitioner was a youth or one inexperienced in such proceedings as are herein involved.

"It has been repeatedly held where a disputed question arises as to what occurred upon arraignment of one accused of crime, great weight will be given to the recitation in the minutes of the court proceedings as to what occurred. Every presumption favors regularity of the proceedings had in the trial court. The general rule often announced by this court is that error must affirmatively appear from the record; it is never presumed. Ex parte Hunt, 93 Okl.Cr. 106, 225 P.2d 193; Ex parte Hampton, 87 Okl.Cr. 416, 198 P.2d 751, 752. The presumption that the proceedings had herein were regular and according to law is amply supported by the three affidavits heretofore mentioned. In this connection, see Ex parte Motley, 86 Okl.Cr. 401, 193 P.2d 613, 614. Furthermore, it has also been repeatedly held: 'Where a petition for a writ of habeas corpus is filed, the burden is upon petitioner to sustain the allegations thereof. It is only when the record and the evidence reveals that the judgment and sentence under which petitioner is being held is void will relief be granted by habeas corpus.' Ex parte Seale, 75 Okl.Cr. 183, 129 P.2d 862. It does not appear that the judgment and sentence herein complained of is void. To the contrary, it affirmatively appears that the judgment and sentence herein rendered is valid because the trial court had jurisdiction of the subject matter, ju-risdiction of the person of the petitioner, and authority under the law to render the judgment and sentence herein imposed and that the trial court did nothing in the way of denying the petitioner his fundamental rights to defeat the jurisdiction of the trial court in the premises. These conclusions are supported by the minutes of the court as well as by the corroborating affidavits * * *"

The foregoing is applicable herein, and the petition for habeas corpus is accordingly denied.

POWELL, P. J., and NIX, J., concur.