William Scott FARMER, No. 62439,
Petitioner,

v.

Robert R. RAINES, Warden, Oklahoma
State Penitentiary, Respondent.

No. A–13250.

Court of Criminal Appeals of Oklahoma.

Nov. 28, 1962.

William Scott Farmer, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original proceeding by William Scott Farmer, No. 62439, seeking his release from the state penitentiary at McAlester, by writ of habeas corpus.

Petitioner alleges that he was sentenced by the district court of Tulsa County on

February 26, 1959 to a term of four years for the crime of burglary, second degree, and that he was delivered to the penitentiary on June 25, 1958. He alleges that he was granted his "jail time" as a first offender; that he was paroled November 4, 1960 and returned to the penitentiary June 21, 1961, and that since returning from parole he has been informed that the record no longer shows he was given credit for his jail time.

The attorney general has filed a response on behalf of the warden, showing that this petitioner was received at the penitentiary on the date stated, and was entered under No. 62439, on a sentence of four years, for burglary. That after serving one year, four months and nine days on this sentence, and on November 4, 1960, he was granted a parole. That his parole was revoked February 1, 1961, and the prisoner was located June 21, 1961, in the state penitentiary, serving a sentence of one year as prisoner # 65413, on a conviction in Oklahoma County for assault and battery with a dangerous weapon.

The response further shows that petitioner served the one year sentence and was discharged January 20, 1962, and was on the same date rebilled as a parole violator to serve the remainder of his four-year sentence. That he is presently scheduled for release on December 17, 1962.

The burden was on the petitioner to sustain the allegations of his petition, and prove, not only the number of days he had previously served in jail in Tulsa County on the burglary conviction, but to establish the fact that the jail time, when added to his credits for work and good conduct, would be sufficient to complete his term prior to December 17, 1962. He would not be entitled to credit on his four-year sentence for the time served on the one-year sentence.

Petitioner has failed to meet this burden. Where the facts stated in the petition for writ of habeas corpus, if established, would not warrant the discharge of the petitioner, the writ will be denied. Ex parte Newman, 67 Okl.Cr. 401, 94 P.2d 556; Ex parte Linam, 71 Okl.Cr. 155, 109 P.2d 838; Ex parte Owens, 88 Okl.Cr. 346, 203 P.2d 447; Ex parte Cummins, 94 Okl.Cr. 25, 229 P.2d 611.

Writ denied.

NIX, P. J., and BUSSEY, J., concur.