**Pat BUCKNER, Petitioner,**

v.

**The STATE of Oklahoma, and Ray Page, Warden, Oklahoma State Penitentiary, Respondents.**

**No. A–13404.**

Court of Criminal Appeals of Oklahoma.

July 24, 1963.

Pat Buckner, petitioner, pro se.

Charles Nesbitt, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for respondents.

BUSSEY, Presiding Judge.

Petitioner, Pat Buckner, has filed herein an application for a writ of habeas corpus for the purpose of securing his release

from confinement in the Oklahoma State Penitentiary, at McAlester.

According to a petition filed with this Court, petitioner was tried by jury in the District Court of Garfield County, Oklahoma, for the Crime of Burglary, Second Degree; found guilty; and sentenced "on or about May 31, 1963". Petitioner further alleges that his motion for new trial, made by his court appointed counsel was overruled, and that he (petitioner) "gave notice of appeal of said conviction".

A rule to show cause was duly issued by the Court of Criminal Appeals on July 8, 1963, setting hearing on this matter for July 15, 1963.

Petitioner alleges several errors in the trial proceedings, none of which are supported by verified documentary evidence.

The Court of Criminal Appeals has consistently held that

(1) "An application for writ of habeas corpus must at least make a prima facie showing that the applicant's confinement is unlawful" (Ex parte Linam, 71 Okl.Cr. 155, 109 P.2d 838),

and

(2) "Where, in habeas corpus proceeding by inmate of penitentiary to secure his release from imprisonment, on ground that he was unlawfully restrained of his liberty, there was no certified copy of information or judgment and sentence of lower court attached to petition, [it is] insufficient to question validity of inmate's commitment, and writ would be denied." (Ex parte Richardson, Okl.Cr., 283 P.2d 855)

In passing, we would note that had the petition filed herein contained certified copies of the judgment and sentence and the information, a habeas corpus proceeding would not be the proper remedy, for as this Court has repeatedly ruled:

The writ of habeas corpus cannot be substituted for an appeal. It may be in-

voked after judgment of conviction only where the court was without jurisdiction or where there was such irregularity as to render the judgment void. Oakes v. Page, Warden, Okl.Cr., 383 P.2d 884.

For the reasons above set forth, writ prayed for is Denied.

Writ Denied.

NIX and JOHNSON, JJ., concur.