**Jack Coleman RUSSELL, Petitioner,**

v.

**The STATE of Oklahoma, and Ray H. Page, Warden, Oklahoma State Penitentiary, Respondents.**

**No. A–13422.**

Court of Criminal Appeals of Oklahoma.

Jan. 8, 1964.

**340**

Robert Macy, Ada, for petitioner.

Charles Nesbitt, Atty. Gen., Jack Swidensky, Asst. Atty. Gen., for respondents.

BUSSEY, Judge.

This is an application for Writ of Habeas Corpus, instituted by petitioner, Jack Coleman Russell, an inmate of the State Penitentiary, at McAlester, Oklahoma. Said application alleges, in substance, that the petitioner was denied his right to be represented by counsel, and was denied his right to due process of law; in that he was charged, waived preliminary hearing, was bound over to District Court, arraigned and entered a plea of Guilty to the crime of murder; and that all of said proceedings occurred within a period of approximately eight hours, in the District Court of Okmulgee County, Oklahoma, in case No. 4668.

This cause was set for hearing on the 9th day of October, 1963, at which time the petitioner appeared in person and by counsel, Mr. Robert Macy, Ada, Oklahoma and the Respondent was represented by the Assistant Attorney General, Mr. Jack Swidensky. Petitioner testified in his own behalf and testimony was adduced on behalf of the respondent. At the conclusion of the evidence and arguments of the respective parties, this cause was submitted on the testimony, records and briefs of the parties, together with the exhibits attached to the petition of the petitioner, and all exhibits originally filed in case No. A–12,909.

The evidence, records and exhibits corroborate the findings of this Court in: Application of Russell for Writ of Habeas Corpus, No. A–12,909, Okl.Cr., 354 P.2d 485. In that cause this Court, speaking through the Honorable John A. Brett, made the

following findings of fact; which we adopt and incorporate in this opinion:

"On September 2, 1958, the petitioner was arraigned before the District Judge, Honorable W. A. Barnett. The minutes of that proceeding disclose that the trial judge meticulously advised the petitioner of his rights, as to 24 hours in which to plead, to aid of counsel, that in case of his inability to provide counsel that the same would be provided for him by the state without cost to him, and that petitioner was entitled to trial by jury. Moreover, he was advised of the consequences of his plea. He admitted that in spite of the fact that he knew what the county attorney's recommendation would be, he did not want to delay his plea and did not want counsel but wanted to, and did, enter a plea of guilty, upon which plea he was sentenced to life imprisonment. Furthermore, the record shows that the petitioner was not inexperienced in court proceedings, since he had been a bonded peace officer in the State of California, and as such knew of his rights and their importance. In addition thereto, he had a prior record of two felonies in the courts of California.

"This record conclusively shows that this petitioner's rights were not invaded, but to the contrary were intelligently waived, with full knowledge and advice of their significance to him, and that he freely and voluntarily confessed his crime without coercion, force, or intimidation. The trial court did nothing to defeat or lose its jurisdiction and its judgment and sentence is in every respect valid."

The fact that the petitioner may have been arraigned and entered a plea of guilty in a relatively short period of time, standing alone, cannot invalidate the proceedings and would not, ipso facto, divest the District Court of jurisdiction over the person or subject matter, or the authority to pronounce the sentence imposed. It is, however, a circumstance which this Court

has carefully considered in arriving at the conclusion that: the petitioner's right to due process of law, was not denied him by the trial court.

In conclusion, we hold that: when, as in the instant case, the record affirmatively shows that a defendant has been thoroughly and meticulously advised of his constitutional rights, including the right to be represented by counsel, and has intelligently and expressly waived these rights and entered a plea of guilty, with full knowledge of the consequences of such plea, the conviction will not be set aside on the grounds that the defendant was arraigned and entered a plea of guilty and was sentenced on said plea in a relatively short period of time.

For the reasons above set forth the Writ prayed for is Denied.

Writ denied.

JOHNSON, P. J., and NIX, J., concur.