### In the Matter of the Habeas Corpus of Katherine THOMAS.

### No. A–13456.

Court of Criminal Appeals of Oklahoma.
March 11, 1964.

Harland A. Carter, Okmulgee, for petitioner.

Charles Nesbitt, Atty. Gen., Jack A. Swidensky, Asst. Atty. Gen., Harry D. Pitchford, County Atty., Okmulgee County, Okmulgee, for respondent.

JOHNSON, Presiding Judge.

This is an original proceeding in habeas corpus wherein the petitioner, Katherine Thomas, seeks her release from imprisonment in the State Penitentiary at McAlester.

This petition was filed on December 2, 1963 and we issued a rule to show cause, assigning the matter for hearing on December 9, 1963. A hearing was had at that time, the petitioner being present in person, and by her attorney Harland A. Carter, and the respondent being represented by the Attorney General and Harry D. Pitchford, county attorney of Okmulgee County.

From the pleadings before this Court, it appears that the petitioner was, by information filed February 8, 1960, charged with the crime of assault with intent to kill, committed January 21, 1960, whereby the said Katherine Thomas shot one Kermit Cain with a .25 calibre automatic pistol. Attached to the petition is a copy of the information, and a copy of the judgment and sentence dated the same day, showing that Katherine Thomas waived counsel in open court, and entered her plea of guilty to the charge. She was sentenced to five years in the penitentiary, and the judgment and sentence contained the following provision:

"It is the further order of the Court that said sentence be and the same is hereby suspended pending defendant's good behavior by not violating any laws of this State and being a quiet, peaceful and law abiding citizen."

The petition further recites that said suspension of her sentence was revoked by the Judge of the District Court of Okmulgee County on November 29, 1963, and petitioner was immediately transported to the State Penitentiary at McAlester.

It is further stated:

"Your petitioner alleges that her said restraint is illegal and unauthorized in that she was not guilty of the charge filed against her and said petitioner, through ignorance and misunderstanding, and through the fact that the legal consequences of said plea of guilty were not explained to her by anyone. On this basis, said petitioner entered a plea of guilty.

"Said petitioner was without counsel and was afraid, confused and frustrated while being held in the county jail of Okmulgee County, Oklahoma, and at that time did not know or understand the consequences of her act in entering a plea of guilty."

There follows a list of petitioner's rights claimed to have been violated and of which she was not advised. Petitioner prays that the judgment and sentence be set aside and she be permitted to withdraw her plea of guilty, and that she be tried before a jury, if the county attorney sees fit to do so, and for such other and further relief as the Court may deem just and proper.

A special verified response was filed by the County Attorney of Okmulgee County, wherein he recites that the said Katherine Thomas entered her plea of guilty after all of her constitutional rights were fully explained to her, and he attaches certified copy of the minutes appearing in the court clerk's office, dated February 8, 1960 and reading:

"State appearing by County Attorney Harry D. Pitchford, defendant appeared in person. Information read, copy of same served on defendant. After being advised of her constitutional rights, defendant waives appearance of counsel and declined to have the Court appoint counsel for her, waives further time in which to plead and enters a plea of 'Guilty'. On recommendation of County Attorney, defendant is sentenced to serve a term of 5 years in the State Penitentiary, at McAlester, said sentence to be suspended pending defendant's good behavior."

Attached to the special response is copy of a statement of Kermit Cain, taken by the county attorney on February 3, 1960, at the Veterans' Hospital in Muskogee. In this statement the said Kermit Cain was asked and answered as follows:

"Q Do you know any reason why she shot you? A No.

"Q She says she is pregnant and you sre the father. Is that true? A She told me that too before the shooting.

"Q How many days before? A Quite a while—about two weeks.

"Q Did she say anything other than that? A No.

"Q You want to go ahead and prosecute her, don't you? A Yes.

"Q You won't back down? A No."

On October 31, 1963 the County Attorney filed an application to revoke the suspended sentence, reciting therein:

"That said defendant, Katherine Thomas, has violated the terms of her suspended sentence in that she did on the 30th day of October, 1963, commit an assault and battery upon one Lavern L. Cherry; a teacher in the Dunbar School in Okmulgee, by striking and beating the said Lavern L. Cherry, knocking her to the floor and dragging her across the room."

An order was entered November 1, 1963 revoking the suspended sentence, which order recites that due and proper notice was given the defendant before such hearing, a copy of the verified application was served on her, and that she appeared in court in person and by her attorney Harland A. Carter.

The petition herein states that the victim of the shooting, Kermit Cain, advised the County Attorney of Okmulgee County that the shooting was accidental, and that he did not desire to prosecute the said Katherine Thomas. Petitioner attaches copy of a statement or letter as follows:

"Kermit *King*
1614 N.E. 4th Street,
Oklahoma City, Oklahoma
11–4–63
"To the County Court, Okmulgee, Oklahoma
"Okmulgee, Oklahoma
"I, Kermit *King*, do hereby ask the courts to accept this statement of

which I am making in behalf of Katherine Thomas who resides at 1419 East Randolph Street, Okmulgee, Oklahoma. "I am asking the courts not to hold against Mrs. Katherine Thomas the charge of accidental shooting me because it was an accident.

"Be it resolved that I have no intention of pressing charges against Mrs. Katherine Thomas for the same.

"To this statement I set forth my signature.

(Signed) Kermit Cain.

"Subscribed and sworn to before me this 4th day of Nov. 1963.

"Carolyn Pearce, Notary Public."

It will be observed that this statement was dated three days after the order revoking the suspended sentence was entered, and three years and almost nine months after the judgment and sentence.

This petitioner then filed a petition for writ of habeas corpus in the district court of Okmulgee County, which was denied on November 29, 1963 and the sheriff of Okmulgee County was directed to deliver the said Katherine Thomas to the warden of the State Penitentiary at McAlester, pursuant to the original judgment and sentence entered on February 8, 1960.

At the hearing in this Court the petitioner testified, as did the County Attorney of Okmulgee County, and his secretary at the time the original judgment and sentence was entered. It is unfortunate that the district judge who entered the judgment and sentence has since died.

Petitioner does not question the right of the district court of Okmulgee County to revoke the suspended sentence, but devotes his argument to the question of the validity of the original judgment and sentence, contending that the same was void because of violation of the constitutional rights of this petitioner.

 The general rule of this Court as often announced is that where a petitioner is in custody under sentence of conviction, and seeks his discharge on habeas corpus,

the inquiry is limited to the questions of whether or not the court in which the prisoner was convicted had jurisdiction of the person of the defendant, and of the crime alleged, and if the court had jurisdiction to render the particular judgment. Ex parte Fisher, 88 Okl.Cr. 1, 199 P.2d 238; Roden v. Raines, Okl.Cr., 361 P.2d 1103, 1104, and cases cited. And that we will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities or procedure or errors of law on questions over which the court has jurisdiction. Ex parte Cummins, 94 Okl. Cr. 25, 229 P.2d 611; Ex parte Dunn, 33 Okl.Cr. 190, 242 P. 574; Ex parte Grant, 32 Okl.Cr. 217, 240 P. 759; Ex parte Hollingshead, 24 Okl.Cr. 131, 216 P. 486.

■ This Court has repeatedly held that writ of habeas corpus is limited to cases where the judgment and sentence attacked is clearly void. Ex parte Peck, 96 Okl.Cr. 71, 248.P.2d 655; Ex parte Russell, Okl.Cr., 354 P.2d 485; Cox v. Raines, Okl.Cr., 368 P.2d 862. We do not consider this a void judgment.

After an examination of the record herein, it appears conclusively that the district court of Okmulgee County had jurisdiction of the person of the accused, and of the offense charged, and there is nothing before us to show lack of jurisdiction in the trial court to pronounce the judgment and sentence.

■■ Further, in a habeas corpus proceeding to obtain release from custody under sentence for crime, the burden is on petitioner to sustain the allegations of the petition, every presumption favors the regularity of the proceedings. Great weight will be given to the recitations in the minutes of the court proceedings as to what actually occurred. Ex parte Tucker, 91 Okl.Cr. 391, 219 P.2d 245; Ex parte Hall, 91 Okl.Cr. 11, 215 P.2d 587; Ex parte Seale, 75 Okl.Cr. 183, 129 P.2d 862; Ex parte Hunt, 93 Okl. Cr. 106, 225 P.2d 193; Ex parte Hampton, 87 Okl.Cr. 416, 198 P.2d 751.

■ This Court must depend on the certified minutes of a trial court to speak the truth. The judgment and sentence herein contained the statement "defendant, being personally present and having waived counsel in open court"; and the minutes show that defendant, after being advised of her constitutional rights waived appearance of counsel, and "declined to have the Court appoint counsel for her." This is conclusive upon this Court.

The petitioner testified at length in the hearing before this Court, and impressed the members of the Court as being a woman of ordinary intelligence and understanding. She testified that she had a ninth grade education, and left the impression with the Court that she was not entirely without experience in court matters. She is the mother of six children, and at the time of the hearing before this Court was drawing child support for all of them, and had been in court on the necessary complaints to secure such assistance.

Herein the testimony produced before this Court, and the record before us, including affidavits and exhibits, and especially the certified copy of the minutes of the sentencing court, lead us to believe that the court was properly "completed"; that petitioner had all of her rights explained to her; that she intelligently and knowingly waived her right to be represented by counsel, and declined to permit the court to appoint counsel for her.

Counsel for petitioner urges the Court to again read the case of In re application of Kinnison, Okl.Cr., 335 P.2d 645. This we have done, and find a definite distinction between the two cases.

Paula Helen Kinnison was charged with the murder of her grandmother, threatened with the electric chair, and faced life imprisonment. The killing was committed on August 31, she was arrested September 1, entered a plea of guilty and was sentenced to 50 years imprisonment on September 2, and delivered to the penitentiary on September 3. After her arrest and before entering her plea, she made an effort to contact her

own attorney, but learned that he was out of the State. She left word for him to get in touch with her, which he did immediately upon his return from New Mexico, and filed a petition for writ of habeas corpus in her behalf.

This Court certainly does not approve of a county attorney bargaining with a defendant, or taking any advantage of any defendant in any manner to secure a plea of guilty, and under the circumstances hereinbefore stated, we cannot say that this has been done in the instant case.

We find that the petitioner has not sustained the burden of proving the allegations of her petition, and that the writ of habeas corpus should be denied. It is so ordered.

BUSSEY and NIX, JJ., concur.