## *Ex parte* JAKE HARRY.

No. A-1361.   Opinion Filed September 19, 1911.

(117 Pac. 726.)

1.   **HABEAS CORPUS—Scope of Inquiry—Cause of Detention.** Under the statute providing that no court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, where the process is issued on a final judgment, the court will only examine the record to determine whether the term of commitment has expired, and, if not, the writ will be denied.

2.   **HABEAS CORPUS—Grounds—Irregularities.** Where a judgment and sentence has been rendered and entered and the person sentenced is in custody thereunder, defects in the order of commitment are not available in a habeas corpus proceeding.

3.   **COSTS—Imprisonment for Nonpayment.** The power to punish by fine and imprisonment until such fine is paid does not include the power to add to such fine the costs of prosecution, and adjudge that, upon a failure to pay such costs, they shall be satisfied by imprisonment as a part of the fine.

4.   **FINES—Punishment—Working Out Fine.** Under Snyder's Comp. Laws 1909, sec. 7794, providing that any person working on the public road in lieu of payment of fine and costs shall be allowed a credit of $1 per day on such fine and costs, where a prisoner works on the county road, he is entitled to a credit of $1 per day in addition to the $2 allowed by section 6917 for imprisonment in satisfaction of the fine.

5.   **COSTS—Constitutional and Statutory Provisions.** Snyder's Comp. Laws 1909, sec. 7794, providing that any person working on the public road in lieu of payment of fine and costs shall be allowed a credit of $1 per day on such fine and costs, in so far as it relates to costs, is void.

(Syllabus by the Court.)

Application by Jake Harry for writ of *habeas corpus*.   Writ denied.

*E. B. Hunt,* for petitioner.

*Smith C. Matson,* Asst. Atty. Gen., and *A. V. Coopege,* Co. Atty., for the State.

DOYLE, J.   Petitioner, Jake Harry, was convicted of the crime of unlawfully selling intoxicating liquor in the county

court of Delaware county, and is now in custody on process issued on the final judgment of that court. On September 8th he filed in this court a petition for a writ of *habeas corpus,* alleging his restraint and imprisonment to be illegal for the reason that under the order of commitment issued to the sheriff in said cause he has served out the term of imprisonment adjudged against him by the county court.

A certified copy of the commitment is attached to his petition as an exhibit, and is as follows:

"State of Oklahoma, Delaware County. State of Oklahoma v. Jake Harry, Defendant. The State of Oklahoma to the Sheriff of Said County, Greeting: Whereas, on the 13th day of July, 1911, at the July term of the county court in and for the county and state aforesaid, the above-named defendant, Jake Harry, was by the judgment of said court convicted of the crime of selling liquor and on the 15th day of July, 1911, was by said court adjudged to pay a fine of $50.00 and serve a sentence of thirty days in jail. Now, therefore, you are hereby commanded to take said Jake Harry into your custody and confine him in the jail of said county for a period of thirty days. In testimony whereof, witness my hand and seal this 15th day of July, 1911. ——————, County Judge."

Then follows a printed memoranda with the figures written in:

"Pay a fine assessed at $50.00 and the costs of prosecution taxed at $60.35, and to stand committed to the jail of said county in default of the payment of said fine for a period of 30 days."

Also the following indorsement:

"Received the within writ on this 15th day of July, 1911, and executed on the 15th day of July, 1911, by locking Jake Harry in county jail. G. W. Hogan, Sheriff."

Petitioner alleges that on the 15th day of August, 1911, his term of imprisonment expired under the commitment. A stipulation was filed signed by counsel for petitioner and A. V. Coopege, county attorney, appearing for respondent, G. W. Hogan, sheriff, waiving the presence of the petitioner and respondent, and submitting the cause upon the facts as shown by the petition.

The commitment in this case does not conform to the requirement of the statute, which is as follows: Section 6920, Snyder's Stat., provides:

"When a judgment, except of death, has been pronounced, a certified copy of the entry thereof, upon the minutes, must be forthwith furnished to the officer, whose duty it is to execute the judgment, and no other warrant or authority is necessary to justify or require its execution."

Section 6921 provides:

"If the judgment is for a fine alone, execution may issue thereon as on a judgment in civil action."

Section 6922 provides:

"If the judgment be imprisonment, or fine and imprisonment until such fine be paid, the defendant must forthwith be committed to the custody of the proper officer, and by him detained until the judgment be complied with."

The petition does not contain a copy of the judgment, and it will be assumed, nothing to the contrary appearing in the petition or exhibits attached thereto, that the judgment pronounced directed that the defendant be imprisoned until the fine imposed be satisfied according to law, although it is evident that the judgment was not so entered. While no particular form of language is prescribed by our criminal procedure act for pronouncing and entering a judgment of conviction in a criminal case, a proper judgment when pronounced and entered should recite that at the time appointed by the court for pronouncing judgment the defendant appeared, and that he was informed by the court or by the clerk under its direction of the nature of the charge against him, his plea thereto and the verdict thereon, and that he was then asked whether he had any legal cause to show why judgment should not be pronounced against him; that thereupon the defendant was adjudged to be guilty of the offense charged as found by the jury, or by the court, where a jury is waived, or upon a plea of guilty when so entered; and that where the jury assess the punishment he be punished as has been determined by the jury, otherwise as by the court, as provided by law. Where a defendant is adjudged to pay a fine and that

he be imprisoned until the fine is satisfied, the extent of such imprisonment should be specifically stated, and a proper commitment should contain a full recital of the judgment as entered.

Section 6207, Snyder's Stat., provides:

"No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody or discharge him when the term of commitment has not expired in either of the cases following: * * * 2nd. Upon any process issued on any final judgment of a court of competent jurisdiction."

Under this provision of the statute we can only look to the record to see whether a judgment was rendered. We have no power to reform, correct, or modify the same unless the record is before the court on appeal. *In re McNaught,* 1 Okla. Cr. 528, 99 Pac. 241; *Ex parte Mingle,* 2 Okla. Cr. 708, 104 Pac. 68.

It would appear from the memoranda on the commitment that the defendant was also committed for the nonpayment of costs. While a defendant may be imprisoned for nonpayment of fine, he can not be imprisoned for nonpayment of costs. Section 6917, Snyder's Stat., provides:

"A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine is satisfied, specifying the extent of the imprisonment, which cannot exceed one day for every two dollars of the fine."

Under this provision of the statute, the petitioner, in addition to the sentence of thirty days' imprisonment, could only be imprisoned for a period not to exceed 25 days to satisfy the fine.

The roads and highways act provides (section 7794, Snyder's Stat.):

"Any person working upon the public road in lieu of payment of fine and costs shall be allowed a credit of one dollar ($1) per day on such fine and costs."

Where a prisoner works upon the county road, he is entitled to a credit upon the fine of $1 per day in addition to the $2 allowed under section 6917, *supra,* in satisfaction of the fine. In so far as this provision relates to costs, it is void. The imposing of the payment of the costs of the prosecution as a part of

the fine imposed is unauthorized by the statutes. Costs are unknown to the common law, and our statutes only authorize imprisonment for the nonpayment of the fine imposed, and the power to punish by fine and imprisonment until such fine is paid does not include the power to add to such fine the costs of the prosecution, and adjudge that, upon a failure to pay such costs, they shall be satisfied by imprisonment as a part of the fine.

The only question for our determination is, Has the judgment and sentence in the case been executed and satisfied? Presuming that the judgment in this case was properly rendered, the term of commitment should expire not later than September 9, 1911. We therefore find that the term of commitment did not expire until one day after the filing of the application.

For this reason, the application will be denied.

FURMAN, P. J., and ARMSTRONG, J., concur.