DAN MATER AND E. L. BROWN v. STATE.

No. A-1544. Opinion Filed May 10, 1913.

Appeal from Superior Court, Logan County;

S. S. Lawrence, Judge.

Dan Mater and E. L. Brown were convicted of violating the prohibitory law, and appeal. Affirmed.

H. C. Olds, for plaintiffs in error.

Smith C. Matson and E. G. Spilman, Asst. Attys. Gen,, for the State.

PER CURIAM. The plaintiffs in error, Dan Mater and E. L. Brown, were tried and convicted at the July, 1911, term of the superior court of Logan county on a charge of unlawful possession of intoxicating liquors with intent to sell the same. The punishment of the plaintiff in error, Dan Mater, was fixed at a fine of three hundred fifty dollars and imprisonment in the county jail for a period of sixty days, and that of plaintiff in error, E, L. Brown, at a fine of fifty dollars and thirty days' imprisonment. We have carefully examined the record, and find no error sufficient to justify a reversal. The judgment is therefore affirmed.

---

SAM KYLE v. STATE.

No. A-1554. Opinion Filed May 10, 1913.

Appeal from Oklahoma County Court;

John W. Hayson, Judge.

Sam Kyle was convicted of violating the prohibitory law and appeals. Modified and affirmed.

Jennings & Levy, for plaintiff in error.

Smith C. Matson and E. G. Spilman, Asst. Attys. Gen., for the State.

PER CURIAM. The plaintiff in error, Sam Kyle, was tried and convicted at the October, 1911, term of the county court of Oklahoma county, on a charge of having the unlawful possession of intoxicating liquor with intent to sell the same, and his punishment fixed at confinement in the county jail for a period of three months and the payment of a fine of two hundred fifty dollars and costs.

Upon a careful examination of the record we think the judgment should be affirmed. It appears, however, that the trial court in entering the judgment provided for the imprisonment of the plaintiff in error for the payment of the costs. The judgment as to the imprisonment and fine should stand, but that portion providing for the imprisonment of the plaintiff in error until the costs are paid exceeds the authority of the court and the judgment is therefore modified by striking out that portion. The trial court should read the opinion of this court in Ex parte Jake Harry, 6 Okla. Cr. 168, and follow the doctrine therein enunciated in imposing fines and costs.

The judgment as modified is affirmed.