## WILLIAM REED v. STATE.

No. A-1997.    Opinion Filed January 10, 1914.

(137 Pac. 369.)

APPEAL—Jurisdiction—Proceedings After Remand.  (a)  When a defendant has been convicted in a trial court, and an appeal is taken to the Criminal Court of Appeals, the jurisdiction of said trial court over said case is lost, and said court has no right to make any order or render any judgment in such case except as directed by the Criminal Court of Appeals, and any such order or judgment or action taken would be a nullity.

(b)  After a case has been affirmed on appeal to the Criminal Court of Appeals, and is sent back to the trial court, the trial court has no power to set aside said judgment, but it must be carried into execution as directed by this court; otherwise the enforcement of criminal law in Oklahoma would be involved in endless confusion.

*Appeal from County Court, Canadian County;*
*W. A. Maurier, Judge.*

William Reed was convicted of violating the prohibitory law, and appeals.  Dismissed.

On the 20th day of November, 1911, appellant was convicted in the county court of Canadian county for having violated the prohibitory liquor law, and his punishment assessed at a fine of $500 and six months' imprisonment in the county jail.  From this judgment of conviction he prosecuted an appeal to the Criminal Court of Appeals.  On the 13th day of January, 1913, judgment of the lower court was affirmed on said appeal.  See *Reed v. State,* 8 Okla. Cr. 738, 128 Pac. 911.  On the 24th day of March, 1913, the mandate of the Criminal Court of Appeals was received by the county court of Canadian county with directions to said court to proceed with the execution of the judg-

ment. Thereafter on the 16th day of April, 1913, appellant filed in the county court of Canadian county what is styled a motion for new trial, based upon alleged newly discovered evidence, fraud, accident, and mistake. On the 20th day of April, 1913, the county court of Canadian county sustained a motion filed by the county attorney to strike out said motion for a new trial. To which the appellant excepted, and the county judge fixed the time in which an appeal might be taken to this court from said order. Appeal dismissed.

*Giddings & Giddings,* for appellant.

*C. J. Davenport,* Asst. Atty. Gen., for the State.

FURMAN, J. (after stating the facts as above). When the appeal was taken, the Criminal Court of Appeals acquired jurisdiction of the cause, and the county court lost jurisdiction and all control over the case, and had no right to make any order or enter any judgment in said case, and any such order or action if taken would have been a nullity. It would be an absurdity to say that the cause could be legally pending in two courts at the same time. The jurisdiction of one must yield to the other. When the case was affirmed, it was returned to the county court, but only for the purpose of carrying out the final judgment of this court. As was well said in the case of *State v. Turner,* 39 S. C. 420, 17 S. E. 885:

"A different ruling, in the language of Chancellor Gaillard in *Perkins v. Lang,* 1 McCord, Eq. [S. C.] 31, note, cited in *Ex parte Knox,* 17 S. C. 214, involves the inconsistency: 'That after a case has been solemnly determined by this court in the last resort, a single judge in the circuit court might cause the decision to be again brought into question. This cannot be. It would utterly destroy the symmetry of the law, tend to prolong litigation and to produce endless confusion.'"

This is not only the law upon reason and authority, but is absolutely settled by our statute. Section 6007, Rev. Laws 1910, is as follows:

"On a judgment of affirmance against the defendant the original judgment must be carried into execution, as the appellate court may direct."

Both upon authority and upon the statute the county court should have paid no attention whatever to the pretended motion for a new trial, but should have proceeded at once with the execution of the judgment. Under these conditions no court has the right to interfere by *habeas corpus* proceedings, injunction, motion for new trial, or in any manner, with the execution of the mandate of this court. There must be an end to litigation.

The pretended appeal is therefore dismissed, and the county court is directed to proceed at once with the execution of the judgment. Mandate will issue *instanter*.

.  ARMSTRONG, P. J., and DOYLE, J., concur.