## Ex parte PECK.

No. A-11829.  Sept. 24, 1952.

(248 P. 2d 655.)

Bud Peck, pro se.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for respondent.

POWELL, J. The petitioner, Bud Peck, is a prisoner in the State Penitentiary at McAlester. He was tried in the district court of Caddo county on a charge of murder, but the jury found him guilty of manslaughter in the first degree, leaving the punishment to be fixed by the court, who imposed a sentence of eight years. In that case the state furnished the defendant an attorney, although the accused owned unencumbered property, and did not himself employ counsel because the fee was, in his opinion, out of line. The state also paid for the record for appeal, which was permitted to be filed without cost deposit, and although no brief was filed, this court nevertheless studied the petition in error and the record, and determined that defendant had received a fair trial, and that no substantial right had been violated. See Peck v. State, 65 Okla. Cr. 212, 84 P. 2d 447.

At this time petitioner seeks his release from completing the serving of sentence for the conviction of the shooting to death of Walter Arthurs because, he alleges: (1) that the trial judge stated to his attorney that "if the counsel moved for a new trial that same would be granted, but that petitioner, the defendant therein, would have to remain in jail without bond, and that it would be best to just appeal to the Criminal Court of Appeals, and in such way your petitioner would then be allowed bond"; (2) that petitioner's attorney was allowed to withdraw as his attorney without notice to him; (3) that his attorney failed to subpoena for the coroner's record, which would have acquitted petitioner; (4) that after the Criminal Court of Appeals affirmed his case he was arrested in another county and taken to the Caddo county jail and the next day taken to the penitentiary without the formality of sentence being passed upon him in open court; (5) that Russell Glass, who certified to the copy of commitment being a true copy, did so as district court clerk when he was in fact the county clerk and without authority to certify to said commitment.

For return to rule to show cause, the warden of the State Penitentiary sets out that petitioner is being held by reason of sentence imposed by the district court of Caddo county, and where the judgement of the court was affirmed in Peck v. State, 65 Okla. Cr. 212, 84 P. 2d 447, and that the sentence has not as yet been completed. The record indicates that there was delay in obtaining custody of the defendant after his conviction was sustained by this court in 1938. The date of actual commitment for serving of sentence is not shown, but there is no contention that the sentence has been completed.

As to the petition here, to commence with, it is not verified. This court has held that writ of habeas corpus would not be issued on unverified petition. Horton v. Walters, 95 Okla. Cr. 112, 240 P. 2d 1129; Tit. 12 O.S. 1951 § 1332.

The court has also repeatedly held that writ of habeas corpus is limited to cases where judgment and sentence attacked is clearly void. Ex parte Cummins, 94 Okla. Cr. 25, 229 P. 2d 611. Further, that in a habeas corpus proceeding to obtain release from custody under sentence for crime, the burden is on petitioner to sustain the allegations of the petition, and that every presumption favors the regularity of proceeding, and scope of inquiry is limited to inquiry into jurisdiction of the court. Ex parte Tucker, 91 Okla.Cr. 391, 219 P.2d 245; Ex parte Hall, 91 Okla. Cr. 11, 215 P. 2d 587. We have further held that defects in the order of commitment are not available in a habeas corpus proceeding. Ex parte Harry, 6 Okla.Cr. 168, 117 P. 726.

Nothing is set out by petitioner that would indicate that the judgment and sentence complained of was void. The matters here urged as errors were propositions to be raised on appeal, except the fourth and fifth points as to matters taking place after trial, and that in no way could affect the jurisdiction of the court.

And while from this statement points one to three set out above merit no consideration in this case, nevertheless, we have gone to the trouble of obtaining the record in Peck v. State, supra, and find that the record fails to support the contentions of the petitioner as to statements attributed to the trial court; that the attorney appointed by the court to defend the defendant there was diligent and tried the case well, using seven witnesses in addition to the defendant. It is further evident that the coroner's record could have played no vital part in the trial of the case in the district court of Caddo county.

Judgment was entered on November 22, 1937, sentencing defendant in accordance with the verdict of the jury. The record shows that the defendant was personally present in court. Counsel appointed for defendant perfected appeal for him to this court, and the judgment and sentence was stayed during

appeal, defendant having been released on bond. Thereafter, the district court of Caddo county had no further jurisdiction, except to see that the mandate of this court was obeyed. Tit. 22 O.S. 1951 §§ 1066, 1070; Reed v. State, 10 Okla. Cr. 444, 137 P. 369.

It is further provided by sec. 1072 of the above Title that:

"It is hereby made the duty of the Court clerk in all counties, upon receipt from the Clerk of the Criminal Court of Appeals of any mandate or order from the court or the judge thereof, to spread said mandate or order of record in the proper court, and to issue and place in the proper officer appropriate process for carrying out such mandate or order."

The petition for writ of habeas corpus is accordingly denied.

BRETT, P. J., and JONES, J., concur.