**E. M. (Pete) BISHOP, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13218.**

Court of Criminal Appeals of Oklahoma.

Jan. 2, 1963.

Pat Malloy, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

PER CURIAM.

Plaintiff in Error, E. M. (Pete) Bishop, hereinafter referred to as the defendant was charged by Information in the District Court of Tulsa County with the crime of Robbery with Firearms; was tried, found guilty, and punishment assessed at 8 years in the Oklahoma State Penitentiary.

Defendant lodged his appeal in this court within the time prescribed by law, however, the Attorney General has filed a Motion to Dismiss on grounds the casemade does not contain a copy of the formal judgment and sentence as required by law.

Upon checking the record, we find only a Journal Entry on pg. 555 of the casemade, which reads as follows:

"IN THE DISTRICT COURT WITHIN
AND FOR TULSA COUNTY
STATE OF OKLAHOMA

"STATE OF OKLAHOMA,
Plaintiff,
vs.
E. M. (Pete) BISHOP,
Defendant.

No. 19128

"Case called for sentence. State present by Gresham. Defendant present and represented by Malloy. Defendant sentenced to eight years in State Pen. Defendant gives notice of intention to appeal. 30–10–5 given for appeal. Appeal bond set at $40,000.-00. J & S issued.

"Raymond W. Graham,
Judge."

In a recent decision of this Court, Greenwood v. State, Okl.Cr., 375 P.2d 661, the elements for a judgment and sentence,

and the journal entries were thoroughly discussed, and it was held that:

"No particular language, or form of words, is necessary in rendering and recording a judgment of conviction in a criminal cause, but the term 'judgment' within the meaning of Title 22 O.S.A. § 1051 must be in writing and contain these recitations: (1) The date when judgment was rendered, (2) Against whom and for what offense, (3) That sentence was pronounced in accordance with the verdict; and, (4) The signature of the judge of said court.

\* \* \* \* \* \*

"A Journal Entry is not a judgment and sentence within the meaning of Title 22 O.S.A. § 1051, when it fails to contain any of the requisites as set forth [above]."

■ As this instrument relied upon by defendant fails to state the crime of which the accused was found guilty of, or that sentence was pronounced in accordance with verdict, it does not contain the necessary elements as set forth by this Court in the Greenwood case, supra. Also, the journal entry states a formal Judgment and Sentence *was issued,* but it does not appear in case made.

■ In order to sustain an appeal, a Judgment and Sentence must be sufficient in form in and of itself. 24 C.J.S. Criminal Law § 1650, pg. 1009.

■ There being no valid judgment and sentence contained in the case-made, we follow the rule set in Smith v. State, Okl. Cr., 362 P.2d 113, (and numerous cases cited therein.)

"Where casemade does not contain formal judgment and sentence, the record cannot be considered even as a transcript and the appeal will be dismissed."

For the above and foregoing reasons, the motion to dismiss by the Attorney General is sustained, and the appeal is hereby dismissed.