**G. D. GREENWOOD, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13357.**

Court of Criminal Appeals of Oklahoma.

May 1, 1963.

J. C. Drennan and John L. Pollard, Medford, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

Before BUSSEY, P. J., and NIX and JOHNSON, JJ.

NIX, Judge.

This is an attempted second appeal by G. D. Greenwood, hereinafter referred to as defendant, in which he was charged in the District Court of Dewey County with the crime of Obtaining Property Under False Pretenses by Use of a False and Fraudulent Check. He was tried by a jury, found guilty, and sentenced to One Year and One Day in the Oklahoma State Penitentiary on December 7, *1961*.

The facts in this case are identical with the ones in the first case filed in this Court styled Greenwood v. State, Okl.Cr., 375 P.2d 661; and was Dismissed for the reason that the casemade did not contain a formal judgment and sentence. This opinion was rendered on October 17, 1962; and the mandate was issued by the Clerk on November 8, 1962.

Defendant then filed in the trial court a Motion to Vacate and set aside all orders made by that court on December 7, 1961,

(the *actual* date of judgment) which motion was granted December 6, 1962, a year later. On this date, the trial court again overruled defendant's Motion for New Trial and his Motion in Arrest of Judgment, and allowed defendant's objections; all after PRONOUNCING A SECOND JUDGMENT AND SENTENCE, and defendant gave notice in open court of his intention to appeal; which he now attempts to do, from this second judgment and sentence on the same identical charge issued nearly a year after the verdict for the sole purpose of bringing this decision again before this Court in proper form.

In this second attempted appeal, it will be noted that the opinion in the first case, supra, is entered in full at the rear of this casemade, and a copy of the mandate issued. There is also a new judgment and sentence dated December 6, 1962, as mentioned above, which is nearly identical with the suggested forms in the first case.

■ As has been previously stated, this Court issued the mandate in the first appeal on November 8, 1962. The trial court held the mandate and did not sign the return until after the new orders had been issued on December 6, 1962, a month later. This Court held in Ex parte Hill, 86 Okl. Cr. 318, 192 P.2d 849:

"Judges, county attorneys, sheriffs, or court clerks, have no power or authority to pardon persons convicted in the courts of this state. The power to pardon after conviction is, under the Constitution, vested in the Governor, and officials may not intentionally refuse or through neglect fail to enforce the mandate of the Criminal Court of Appeals issued in affirmance of a judgment and sentence so as to indirectly pardon one convicted of crime."

■ In the case of Ex parte Peck, 96 Okl.Cr. 71, 248 P.2d 655, this Court said:

"After a criminal case is appealed to this court the trial court is divested of jurisdiction *except to comply with the mandate of this court.*"

These cases are in conformance with our Statute, Title 22 O.S.1961 § 1070, which reads:

"On a judgment of affirmance against the defendant, the original judgment must be carried into execution, as the appellate court may direct."

The State, through the Attorney General's office, has filed a Motion to Dismiss Appeal for the reasons that (1) the identical situation is again presented to the Court, as in the first case; and (2) that the trial court was without jurisdiction to enter an order vacating and setting aside all orders issued in this case by said trial court, after the Court of Criminal Appeals had issued its mandate. It is the second assertion we will discuss here.

■ The defendant, in his Answer Brief, contends that the wording of the mandate gave the trial court jurisdiction to take whatever action they desired to make the casemade conform to the opinion. The section of the mandate referred to is:

"Now, Therefore, you are hereby commanded to cause such Dismissal to show of record in your court and *to issue such process and to take such other and further action* as may be in accord with right and justice and said opinion."

Defense counsel interprets this underlined part of the mandate as giving the trial court jurisdiction to take *any* action it now desires, such as vacating the judgment and entering the new orders.

He seeks to have his appeal heard on its merits and to ignore the fact that the appeal has previously been dismissed by this Court for the reason that the casemade was insufficient to support an appeal.

He seeks to construe such opinion as meaning the trial court's judgment and sentence was in itself defective, and therefore a nullity. He further mis-construes an alleged order of the court into the mandate giving the trial court authority to vacate and re-issue all orders.

We have failed to find any such order in the opinion.

If this had been the intention of the Court, explicit instructions would have been set out (in the opinion) to the trial judge.

We are unable to find, in the first opinion, that the Court states or even suggests that the judgment and sentence is in itself faulty or defective. But simply that the instrument contained in the casemade (in this case, a journal entry) does not meet the necessary requirements of a judgment and sentence, as set forth under the prior decisions of this Court. (See, Bishop v. State, Okl.Cr., 377 P.2d 845; Shriver v. Graham, Okl.Cr., 366 P.2d 774; Smith v. State, Okl.Cr., 362 P.2d 113.)

Title 22 O.S.A. § 1054, as amended in 1961, providing that an appeal in a felony case must be taken within three months after judgment is mandatory, and the Court of Criminal Appeals cannot entertain an appeal not perfected within such time.

It is the duty of attorneys who desire to appeal cases to see that their records are properly prepared and verified in compliance with the law, before filing them in Appellate Court. Dobbs v. State, 5 Okl.Cr. 480, 114 P. 358, 115 P. 370.

The casemade could have been amended after the filing in this Court before the 90 day statutory time; or, after by stipulation of the County Attorney, before a decision was rendered, in conformance with 12 O.S. § 959, by filing the proper motion in this Court. This was not done. To bring this again before the Court a year after judgment does not confer jurisdiction to review the case after the time for appeal has expired; therefore, the trial court's action was a nullity.

It is stated in 24B C.J.S. Criminal Law § 1952(7):

"Ordinarily, after a judgment has been affirmed, the lower court is powerless to vacate or modify the judgment * * *."

Our Court passed on this question in the case of Reed v. State, 10 Okl. Cr. 444, 137 P. 369, as follows:

"After a case has been affirmed on appeal to the Criminal Court of Appeals, and is sent back to the trial court, the trial court has no power to set aside said judgment, but it must be carried into execution as directed by this court; otherwise the enforcement of criminal law in Oklahoma would be involved in endless confusion."

If we were to allow the mis-interpretation of defense counsel to stand, the precedent would be set for any defendant to go back to the trial court causing the decision to be again brought into question.

This cannot be. It would utterly destroy the symmetry of the law, tend to prolong convictions, and to produce endless confusion and delays.

It is, therefore, the opinion of this Court that the trial court was without jurisdiction to vacate the original orders (most particularly the judgment and sentence) and allow new ones to be issued, based on the cases and authorities cited above. It is the order of this Court that such duplicate orders be vacated immediately in conformance with this opinion.

The Clerk of this Court is further ordered to issue the mandate in the statutory 15 days, and the trial court to cause such mandate to be spread of record; the defendant surrendered to the Oklahoma State Penitentiary in conformance with the original judgment and sentence of said trial court; and the signed "Return" and "Receipt" on the Mandate to be returned to the Clerk of this Court *FORTHWITH*.

The Motion to Dismiss by the Attorney General is sustained, and the second attempted appeal is hereby dismissed.

BUSSEY, P. J., and JOHNSON, J., concur.